### HENRY AMY *vs.* JEROME F. MANNING.

Suffolk.    Jan. 17. — Feb. 26, 1887.    HOLMES & GARDNER, JJ., absent.

The writ in an action was dated September 5, 1884, and was returnable to and entered at October term, 1884, of the Superior Court. The plaintiff was described in the writ as of another State, and the defendant as " having his usual place of business " in this Commonwealth. The defendant appeared specially, and, on October 22, 1884, filed a motion to dismiss the action, on the ground that no legal service of the writ had been made upon him, and, on November 6, 1884, he filed a plea in abatement, alleging this and other facts. On December 29, 1884, the last day of the return term, the defendant filed a petition, together with a bond with sureties, for the removal of the action to the Circuit Court of the United States, on the ground that the plaintiff was a citizen of another State and he himself a citizen of this Commonwealth. He had previously at that term, by order of court, filed an answer to the merits, in which he declared that he did not waive his motion to dismiss or his plea in abatement. The defendant filed with the petition for removal a motion, in which he stated that he had filed the petition without prejudice to his motion to dismiss or to his plea in abatement; that neither the motion nor plea had been heard or determined; and, as the court was about to adjourn without day, he prayed that, in case said motion should not be allowed and said plea should not be sustained, the court would order the removal of the action, as prayed for in said petition. Thereupon the case was " continued nisi," for the purpose of giving the court an opportunity to hear and determine said motion and plea, " reserving the defendant's right to remove." At January term, 1885, which was the next term, said motion and plea were heard and overruled, and the defendant excepted, and was given until a certain day to file his exceptions, but filed none. The case was upon the jury trial list for that term, and for all the subsequent terms up to the time it was reached in its order at January term, 1886 ; and the defendant took no further steps for the removal of the action until it was reached for trial, when he called the attention of the court to what he had done, and asked that the action be removed. The Superior Court found as a fact that the parties were citizens of different States, as alleged in the petition ; ruled that the right to remove the action under the petition had been waived ; and that the request for removal, made when the case was reached for trial, was made too late ; and denied the petition. *Held,* that the defendant had no ground of exception.

FIELD, J. This is an action of contract on four promissory notes, brought in the Superior Court, in which the damages are laid at $60,000. The writ is dated September 5, 1884, and was returnable to October term, 1884, and was entered at that term. The plaintiff is described in the writ as " of the city, county, and State of New York," and the defendant as " having his usual place of business in Boston, in said county " of Suffolk, in this Commonwealth. This last description is not an allegation of citizenship. The defendant appeared specially, and on October 22, 1884, filed a motion to dismiss the action, on the ground that no legal service of the writ had been made upon him, and on November 6, .1884, he filed a plea in abatement, alleging this and other facts.

" On December 29, 1884, the last day of the return term, the defendant filed a petition, together with a bond with sureties, for the removal of this action to the Circuit Court of the United States for the District of Massachusetts, on the ground that the plaintiff was, and is, a citizen of New York, and he himself a citizen of Massachusetts." Both the petition and bond appear to be in proper form, and, although the bond had not been approved at the time the case was reached for trial, no objection to the removal has been taken on this ground.

It is now settled that a suit cannot be removed under the U. S. St. of March 3, 1875, for the reason that the controversy is between citizens of different States, unless the requisite citizenship existed both when the suit was brought and when the petition for removal was filed. *Akers* v. *Akers*, 117 U. S. 197. *Gibson* v. *Bruce*, 108 U. S. 561.

In *Stone* v. *South Carolina*, 117 U. S. 430, 432, it is said that " All issues of fact made upon the petition for removal must be tried in the Circuit Court, but the state court is at liberty to determine for itself whether, on the face of the record, a removal has been effected ; " and that, " If the state court proceeds after a petition for removal, it does so at the risk of having its final judgment reversed, if the record on its face shows that when the petition was filed that court ought to have given up its jurisdiction." The actual decisions in this case and the cases cited in the opinion, and in *Carson* v. *Hyatt*, 118 U. S. 279, 289, do not go so far as the words we have quoted imply. If, in an action at law

brought in a state court, the writ alleges that the parties are citizens of the same State, and the petition for removal alleges that they are citizens of different States, as both the writ and the petition are a part of the record, the citizenship of the parties cannot be determined from the face of the record. If the writ and petition agree in their allegations of citizenship, still the allegation of the petition that the parties are citizens of different States at the time the petition was filed can be traversed, and thus in every suit there may arise a question of fact to be determined. The state court administers all the law applicable to the case before it, whether it is the law of the United States or of the State. A suit can be removed under the St. of March 3, 1875, only when it is in fact such a case as is within that statute, and the petition of a party alleging that it is such a case, which is not required to be verified by an oath, does not make the case removable, if it is not in fact a case which the statute authorizes the party to remove. The state court proceeds at the risk of having its final judgment reversed by the Supreme Court of the United States, if it renders a judgment against a right claimed under the Constitution or the laws of the United States, and that court decides that the judgment is erroneous ; but that risk is necessarily incurred by every court not of last resort.

If the defendant, or all the defendants when there are more than one, in any suit in a state court in which the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, by filing a petition alleging that the parties were and are citizens of different States, can procure a stay of proceedings in the state court until a copy of the record of the suit has been entered in the Circuit Court of the United States, and until any issues of fact that may arise upon the petition can be heard and determined in that court, and until the cause has been remanded to the state court if the Circuit Court determines that it has no jurisdiction, the administration of justice in the state court may be unnecessarily obstructed, and false petitions under the statute may be used solely for the purpose of obtaining delay, at the trifling risk of paying all costs that may be awarded by the Circuit Court. The practice, we think, in this Commonwealth, under the St. of March 3, 1875, has been to hear and

determine whether the case is in fact one that is removable under the statute, as well as whether the petitioner has seasonably filed a proper petition, and a proper bond " with good and sufficient surety," and if, in the determination of these questions, a party is aggrieved in matter of law, the question of law can be brought to this court by exceptions, report, or sometimes by appeal. *Stone* v. *Sargent,* 129 Mass. 503. *Danvers Savings Bank* v. *Thompson,* 133 Mass. 182. *Ellis* v. *Atlantic & Pacific Railroad,* 134 Mass. 338, 341. *Clark* v. *Child,* 136 Mass. 344.

If the state court denies the petition, a copy of the record may still be filed in the Circuit Court, and all issues of fact may be determined there, and, if that court decides that it has jurisdiction, the case can proceed there as well as in the state court, and any error in the proceedings of either court can be reviewed by the Supreme Court of the United States on writ of error or appeal. It may be that, if this jurisdiction depends upon the decision of questions of fact, and the facts have been found one way by the Circuit Court and a different way by the state court, the Supreme Court of the United States will take the facts as found by the Circuit Court, unless the case is one where the evidence is brought before the Supreme Court, when perhaps that court will itself find the facts. See *Carson* v. *Hyatt, ubi supra.*

The provision of § 5 of the St. of March 3, 1875, whereby the Circuit Court is authorized to dismiss the suit, or to remand it to the court from which it was removed, if the Circuit Court is satisfied that the suit does not involve a controversy within its jurisdiction, was not, we think, intended to affect the action or the procedure of the state courts. The state courts derive their authority from the Constitution and laws of the State, and a statute of the United States can confer no authority upon them. A statute of the United States can determine in what manner a suit within the judicial power of the United States may be removed from a state court, and when in such a suit the state court shall cease to entertain jurisdiction ; but the statutes of the United States have not undertaken to say that the unverified allegations of a party that the controversy is between citizens of different States, shall be conclusive upon the state court. The rights of parties are secured by the provisions of statute whereby

they may obtain a copy of the record in the state court, and may enter it in the Circuit Court, and may proceed therein whether the state court orders the suit removed or not.

Until, therefore, it has been clearly decided that a state court cannot determine issues of fact arising upon a petition for removal, subject to the risk of having its final judgment reversed for error by the Supreme Court of the United States, we see no reason for changing our practice.

The Superior Court found as a fact that the parties were citizens of different States, as alleged in the petition, and also found and ruled that the right to remove the suit under the petition had been waived. That court also ruled that the request for removal made when the case was reached for trial at the January sitting, 1886, was made too late; and it denied the petition.

By the U. S. St. of March 3, 1875, the petition must be filed in the state court "before or at the term at which said cause could be first tried and before the trial thereof;" and these words have been construed in *Babbitt* v. *Clark*, 103 U. S. 606; *Pullman Palace Car Co.* v. *Speck*, 113 U. S. 84; *Clark* v. *Child*, *ubi supra;* and *New York Warehouse & Security Co.* v. *Loomis*, 122 Mass. 431.

It appears that the defendant seasonably filed his petition, which was at the return term; he had previously at that term, by order of the court, filed an answer to the merits, but in it he expressly declares that he does not waive his motion to dismiss or his plea in abatement. If it be held that the suit could not be tried until this motion and plea were disposed of, they were both overruled on March 3, 1885, which was in the January term. The case could have been tried at that term, or at any of the four following terms, and was actually tried at the term or sitting begun and held in January, 1886. It was too late, in January, 1886, to file and present a petition for removal, and the question is whether the original petition and application had been waived. Whether a citizen of Massachusetts, who has been made a defendant in a personal action at law brought in a court of that State, and who denies that he has been lawfully served with process, can file a petition for the removal of the suit, while he insists, by motion and plea in abatement in the state court, that for this reason the action shall be dismissed,

and whether the filing of such a petition is not equivalent to a general appearance, are questions which have not been argued. The defendant filed with the petition for removal a motion which is entitled " Defendant's motion touching the removal of this action," in which he states that he has filed the petition for removal without prejudice to his motion to dismiss the action, or to his plea in abatement; that neither the motion to dismiss nor the plea in abatement has been heard or determined by the court; and, as the court is about to adjourn without day, he prays that, " in case said motion should not be allowed, and in case said plea should not be sustained," the court will order the removal of the action as prayed for in said petition.

It also appears that "thereupon said case was ' continued nisi ' for the purpose of giving the court an opportunity to hear and determine the motion to dismiss and the plea in abatement, ' reserving the defendant's right to remove.' " At the next term the motion to dismiss and the plea in abatement were heard and overruled, the defendant apparently taking part in the hearing, and he excepted to the order overruling the motion, and " was given until the ninth day of March, 1885, to file his exceptions, but he filed none." Although the case was upon the jury trial list for January term, 1885, and for all the subsequent terms up to the time it was reached in its order at the January sitting in 1886, the defendant took no further steps in reference to the removal of the action, until it was reached for trial, and then called the attention of the court to what had been done, and asked the court to remove the action.

It is evident that the defendant voluntarily took two inconsistent positions before the court at the time when he filed the petition to remove the action ; one, that the court should retain jurisdiction over the action for the purpose of hearing and determining his motion to dismiss and his plea in abatement, and the other, that the court should cease to exercise jurisdiction over the action except to remove it to the Circuit Court of the United States; and he maintained these positions until after the court refused to dismiss the action. The defendant apparently, at the time he filed the petition for removal, did not absolutely desire that the action should be removed, but wished still to try the chances of a favorable decision by the state court upon his

motion to dismiss and his plea in abatement. It is not necessary to decide whether the petition, construed as it must be in connection with the motion which accompanied it, ought not to have been dismissed as inconsistent with the provisions of the statute of the United States. If such a petition could be retained, this could be done only that the defendant might thereafter bring it to the attention of the court, and he should have done this when his motion to dismiss and his plea in abatement were overruled. If the application had been made at that time, we do not see how it could have taken effect as of the date of the filing of the petition, because, having asked the decision of the court upon his motion to dismiss and his plea in abatement, he ought not to be permitted to avoid the decision by a removal which should take effect, by relation, as of a time anterior to the decision. After the motion to dismiss and the plea had been overruled, another state of facts existed ; the court had decided that it had jurisdiction over the person of the defendant, the case was ready for trial, the term was one at which it could be tried, and the defendant should have presented his petition to the court at that term. " One of the objects of the act of 1875 was to prevent the abuses which had been practised under the acts of 1866 and 1867, which allowed a removal 'at any time before the final hearing.' " *Murray* v. *Holden*, 1 McCrary, 341. *Pullman Palace Car Co.* v. *Speck, ubi supra.*

The defendant, in effect, filed an alternative petition to the court, asking it either to dismiss the action or to remove it. After the petition was filed, the court denied the motion to dismiss ; but, without some action by the defendant, the court could not know that he insisted upon the removal, and, if the defendant desired that the petition should be considered by the court as an absolute petition for removal, he should have informed the court of this. If the petition, with the accompanying motion, was not wholly invalid, we think that the court rightly ruled that, on the facts found, it had been waived.

*Exceptions overruled.*

*C. Cowley*, for the defendant.

*C. A. Prince*, for the plaintiff.