# BURLINGTON, CEDAR RAPIDS AND NORTHERN RAILWAY COMPANY *v.* DUNN.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

Submitted April 29, 1887. — Decided May 27, 1887.

When a petition for a removal of the cause to a Circuit Court of the United States is filed in a cause pending in a state court, the only question left for the state court to determine is the question of law whether, admitting the facts stated in the petition to be true, it appears on the face of the record, including the petition, the pleadings and the proceedings down to that time, that the petitioner is entitled to a removal; and if an issue of fact is made upon the petition, that issue must be tried in the Circuit Court.

THE Federal question brought up by the writ of error in this case related to the right of removal of the cause to the Circuit Court of the United States. The case is stated in the opinion of the court

*Mr. Eppa Hunton* and *Mr. Jefferson Chandler* for plaintiff in error.

*Mr. Enoch Totten* and *Mr. C. D. O'Brien* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit was brought in the District Court of Ramsey County, Minnesota, by Charles L. Dunn, a minor, to recover damages for personal injuries which he had received while travelling as a passenger on the railroad of the Burlington, Cedar Rapids and Northern Railway Company. The company answered the complaint in the action, and then filed a petition under § 639 of the Revised Statues, verified by the oath of its president, for the removal of the suit to the Circuit Court of the United States for the District of Minnesota, on the ground of prejudice and local influence. The petition was accompanied by the necessary security. It set forth that the railway company was an Iowa corporation, and consequently, in law, a citizen of that state, and Dunn, the plaintiff, a citizen of Minnesota. Under § 639 a suit cannot be removed from a state court to a Circuit Court of the United States, except it be one between a citizen of the state in which the suit was brought and a citizen of another state, and then only by the citizen of the latter state. Immediately on the presentation of the petition for removal, the attorney for the plaintiff filed a counter affidavit to the effect that the plaintiff was not a citizen of Minnesota, but of the territory of Montana. No further proof being offered on this point, the court ruled that a case for removal had not been made out, and that the suit must be retained for trial. Accordingly a trial was afterwards had in the state court, which resulted in a judgment against the company. An appeal was then taken to the Supreme Court of the state, where the judgment of the District Court was in all respects affirmed, including the rulings on the question of removal. To reverse that judgment this writ of error was brought.

The assignment of errors presents but a single question, and that is whether, as after the petition for removal had been filed the record showed on its face that the state court ought to proceed no further, it was competent for that court to allow an issue of fact to be made upon the statements in the petition, and to retain the suit because on that issue the railway company had not shown by testimony that the plaintiff was actually a citizen of Minnesota.

It must be confessed that previous to the cases of *Stone* v. *South Carolina*, 117 U. S. 430, 432, and *Carson* v. *Hyatt*, 118 U. S. 279, decided at the last term, the utterances of this court, on that question, had not always been as clear and distinct as they might have been.  Thus, in *Gordon* v. *Longest*, 16 Pet. 97, in speaking of removals under § 12 of the Judiciary Act of 1789, it was said, p. 103, "it must be made to appear to the satisfaction of the state court that the defendant is an alien, or a citizen of some other state than that in which the suit was brought;" and in *Railway Company* v. *Ramsey*, 22 Wall. 322, 328, that, "if upon the hearing of the petition it is sustained by the proof, the state court can proceed no further." In other cases expressions of a similar character are found, which seem to imply that the state courts were at liberty to consider the actual facts, as well as the law arising on the face of the record, after the presentation of the petition for removal.  At the last term it was found that this question had become a practical one, about which there was a difference of opinion in the state courts, and to some extent in the circuit courts, and so, in deciding *Stone* v. *South Carolina*, we took occasion to say: "All issues of fact made upon the petition for removal must be tried in the Circuit Court, but the state court is at liberty to determine for itself whether, on the face of the record, a removal has been effected.  It is true, as was remarked by the Supreme Judicial Court of Massachusetts in *Amy* v. *Manning*, 144 Mass. 153, that this was not necessary to the decision in that case, but it was said on full consideration and with the view of announcing the opinion of the court on that subject.  Only two weeks after that case was decided *Carson* v. *Hyatt* came up for determination, in which the

precise question was directly presented, as the allegation of citizenship in the petition for removal was contradicted by a statement in the answer, and it became necessary to determine what the fact really was. We there affirmed what had been said in *Stone* v. *South Carolina,* and decided that it was error in the state court to proceed further with the suit after the petition for removal was filed, because the Circuit Court alone had jurisdiction to try the question of fact which was involved. This rule was again recognized at this term in *Carson* v. *Dunham,* 121 U. S. 421, and is in entire harmony with all that had been previously decided, though not with all that had been said in the opinions in some of the cases. To our minds it is the true rule and calculated to produce less inconvenience than any other.

The theory on which it rests is, that the record closes, so far as the question of removal is concerned, when the petition for removal is filed and the necessary security furnished. It presents then to the state court a pure question of law, and that is, whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit. That question the state court has the right to decide for itself, and if it errs in keeping the case, and the highest court of the state affirms its decision, this court has jurisdiction to correct the error, considering, for that purpose, only the part of the record which ends with the petition for removal. *Stone* v. *South Carolina,* 117 U. S. 430, and cases there cited.

But even though the state court should refuse to stop proceedings, the petitioning party may enter a copy of the record of that court, as it stood on the filing of his petition, in the Circuit Court, and have the suit docketed there. If the Circuit Court errs in taking jurisdiction, the other side may bring the decision here for review, after final judgment or decree, if the value of the matter in dispute is sufficient in amount. *Railroad Company* v. *Koontz,* 104 U. S. 5, 15. In that case, the same as in the writ of error to the state court, the question will be decided on the face of the part of the record of the

state court which ends with the petition for removal, for the Circuit Court can no more take a case until its jurisdiction is shown by the record, than the state court can be required to let it go until the record shows that its jurisdiction has been lost. The questions in the two courts will be identical, and will depend on the same record, namely, that in the state court ending with the petition for removal. The record remaining in the state court will be the original; that in the Circuit Court an exact copy.

But, inasmuch as the petitioning party has the right to enter the suit in the Circuit Court, notwithstanding the state court declines to stop proceedings, it is easy to see that if both courts can try the issues of fact which may be made on the petition for removal, the records from the two courts brought here for review will not necessarily always be the same. The testimony produced before one court may be entirely different from that in the other, and the decisions of both courts may be right upon the facts as presented to them respectively. Such a state of things should be avoided if possible, and this can only be done by making one court the exclusive judge of the facts. Upon that question there ought not to be a divided jurisdiction. It must rest with one court alone, and that, in our opinion, is more properly the Circuit Court. The case can be docketed in that court on the first day of the next term, and the issue tried at once. If decided against the removal, the question is now, by the act of March 3, 1887, c. 373, 24 Stat. 552, put at rest, and the jurisdiction of the state court established in the appropriate way. Under the act of March 3, 1875, c. 137, 18 Stat. 470, such an order could have been brought here for review by appeal or writ of error, and to expedite such hearings our Rule 32 was adopted.

Upon this record as it now stands the state court was wrong in proceeding with the suit, and for that reason

*The judgment of the Supreme Court is reversed, and the cause remanded for further proceedings in conformity with this opinion.*