The opinion of the court was delivered by
Fenner, J.
In May last this case was before us on appeal from an order of removal to the United States Circuit Court. We then found the application for removal defective in that it did not affirmatively contradict the allegation in the original petition of plaintiff to the effect that defendant was a citizen of and domiciled in the State of Louisiana, and we, therefore, reversed the order and remanded the cause, reserving to defendant the right to remedy this defect.
*54 Defendant thereupon filed a new petition for removal, wherein it is alleged not only that it is a citizen of Kentucky, but that it is not a citizen of Louisiana and has no domicil'therein. On this petition, the judge a quo granted a new order of removal, from which the present appeal is taken.
The fact that under the laws of this State, defendant has appointed a resident agent upon whom process may be served, does not affect the question of its domicil and citizenship. We considered and" determined this point very recently in the case of Barber Asphalt Co. vs. City, not reported.
The same point as applicable to the Removal of Causes has been repeatedly adjudicated by the Federal Supreme Court. R. R. Co. vs. Koontz, 104 U. S., p. 10; Goodlett vs. R. R. Co. 122 U. S., p. 391.
The right of removal is determined on the face of the application, as matter of law. The facts alleged must be accepted, pro hao vice, as true They can not be contested in the State Court. If they are disputed, the United States Court, to which the cause is removed, is the proper forum to settle the controversy, where the truth of the facts may be put at issue on a motion to remand. Burlington vs. Dunn, 122 U. S. 517.
The application and bond complied with all requirements of the law, and the judge a quo performed his simple duty in granting the order of removal.
The objection that the petition for removal is only verified by the affidavit of counsel has no force. The law does not provide specifically for any verification by affidavit; and if affidavit be essential, in absence of any provision to the contrary, the authority of the attorney to make it would be presumed and held sufficient.
Judgment affirmed.