[Merrimack, June, 1891.]

## Dow's Petition.

HABEAS CORPUS.    Upon complaint heard at the trial term for violation of an injunction, the petitioner, being in custody and being brought before two justices of the court, moved to be discharged. The case was adjourned into the law term, where, on motion of the complainant, the petitioner was discharged without further hearing, the rights asserted in the complaint having been established in another case decided at this term.

BLODGETT and CHASE, JJ., did not sit.

*Streeter & Walker*, for the petitioner.

*O. E. Branch*, for the complainant.

---

[Grafton, June, 1891.]

## MONROE v. CONNECTICUT RIVER LUMBER CO. & a.

PETITION, by the defendants for the removal of the action into the circuit court of the United States, on the ground that the plaintiffs made Van Dyke a party defendant for the purpose of preventing a removal, and for no other purpose.

*Bingham, Mitchell & Batchellor* and *D. C. & J. W. Remick*, for the plaintiffs.

*E. Aldrich, Drew & Jordan*, and *G. A. Bingham*, for the defendants.

CARPENTER, J.    The question of fact, whether Van Dyke was made a party for the sole purpose of preventing a removal of the action, etc., can finally be determined only by the federal court. *Burlington, &c., Railway Co.* v. *Dunn*, 122 U. S. 513.    Whether it is or is not expedient to try the question here is a question of fact for the trial term.

*Case discharged.*

SMITH, J., did not sit: the others concurred.