## SINCLAIR v. PIERCE et al.

### (Circuit Court, D. Massachusetts. May 5, 1892.)

#### No. 2,983.

**1. REMOVAL OF CAUSES—AUTHORITY OF STATE AND FEDERAL COURTS.**
    Questions of fact arising on a petition for removal are for the federal court alone, and the state court has no jurisdiction to determine them. *Railroad Co.* v. *Daughtry*, 11 Sup. Ct. Rep. 306, 138 U. S. 298, followed.
**2. SAME—INJUNCTION TO STATE COURT—JURISDICTION.**
    · It seems from *French* v. *Hay*, 22 Wall. 250, that a federal circuit court has jurisdiction of a bill to enjoin the prosecution of a case in a state court, on the ground that it has been removed to the federal court.
**3. SAME.**
    An action for damages was brought in a state court against an army officer and two other persons for wrongfully arresting and detaining an alleged deserter. The other defendants were defaulted, and the officer filed a petition and bond for removal on the ground that the case arose under the laws of the United States. The state court held the petition insufficient, and was about to proceed with the trial, when the officer applied to the federal court to enjoin further proceedings. *Held* that, as the right of removal by the single defendant after default of his codefendants was extremely doubtful, (*Putnam* v. *Ingraham*, 114 U. S. 57, 5 Sup. Ct. Rep. 746; *Hax* v. *Caspar*, 31 Fed. Rep. 499,) and as the question presented was only one of the inconvenience and expense of double litigation, the injunction should be denied without prejudice to a renewal of the application, in the expectation that, on proper representations, the state court would stay proceedings until a decision could be had on a motion to remand.

In Equity. On application for an injunction restraining the prosecution of a suit in a state court. Refused.

An action of tort for an assault and false imprisonment at common law was commenced by writ dated the 5th day of November, A. D. 1891, and issued from the superior court in and for the county of Middlesex in the commonwealth of Massachusetts, in which writ one of the respondents, Charles M. Pierce, of Lowell, in said Massachusetts, is plaintiff, and the other respondent, Jerome F. Manning, is counsel for said Pierce, and George F. Peck and William S. Sampson, both of said Massachusetts, and the complainant, William Sinclair, of the state of Ohio, who is in the military service of the United States, and stationed as commander at Ft. Warren, in Boston harbor, and within the jurisdiction of this court, are defendants. The *ad damnum* of the writ is $25,000. The allegations of the plaintiff in the state court are that he was arrested as a deserter by said Peck, and taken to Ft. Warren, where he was imprisoned by said Sinclair for 20 days, at the end of which time, not being found to be a deserter, he was discharged; to all of which the said Peck and Sinclair were incited by said Sampson. The defendants Peck and Sampson were defaulted. The defendant Sinclair alone duly filed in the state court a petition for the removal of the case to the circuit court, on the ground that his duties as commander of the fort, the orders of the secretary of state, the United States statutes, and the army regulations compelled him to do whatever acts he had done, and that the suit is of a civil nature, and arises under the constitution of the United States. The necessary bond had been duly filed in the state court, and a transcript of the record duly filed with the clerk of the circuit court. The judge of the state court did not deem the petition for removal sufficient, and refused

to grant or recognize it; and the case was on the eve of trial when this bill was brought. · The complainant says in his bill that upon the filing of the aforesaid petition in the state court and the other preliminary papers the jurisdiction of the state court thereupon ceased, and the jurisdiction of the circuit court attached in accordance with the act of congress, chapter 866 of the Acts of 1888, (25 St. at Large, 433.) A restraining order was immediately issued, and a summons to show cause why a temporary injunction should not issue and a subpœna to answer to the bill were served upon the respondents. The respondents filed a motion to dissolve the restraining order. On May 3, 1892, a hearing was had before PUTNAM, J., upon the request for a temporary injunction, and upon the motion to dissolve the restraining order.

*Frank D. Allen*, Dist. Atty., and *J. M. Marshall*, Asst. Dist. Atty., for complainant.

*Jerome F. Manning*, for respondents.

PUTNAM, Circuit Judge. The jurisdiction to entertain this bill appears to be sustained by *French* v. *Hay*, 22 Wall. 250, as applied in *Railroad Co.* v. *Ford*, 35 Fed. Rep. 170. The jurisdiction is also recognized in *Wagner* v. *Drake*, 31 Fed. Rep. 849. The existing statutes of removal contain two important features, one of which did not before exist, and the other was not previously so emphasized as it now is. The state court has no jurisdiction to determine questions of fact arising on petitions for removal. The United States circuit court has final jurisdiction in relation thereto. *Railroad Co.* v. *Daughtry*, 138 U. S. 298, 11 Sup. Ct. Rep. 306. If a motion to remand is heard in a United States circuit court, and there allowed, the result is conclusive in all courts, and terminates the controversy as to the right or regularity of removal. *In re Coe*, 49 Fed. Rep. 481. The pending case sought to be removed presents a controversy especially appropriate for the federal courts, and it will probably reach them in some form at some stage. . *Bock* v. *Perkins*, 139 U. S. 628, 11 Sup. Ct. Rep. 677. It is also evident the district attorney proceeded in good faith, and in accordance with his official duty, in asking a removal. Under these circumstances, it can hardly be doubted that, if the attention of the state court is carefully brought to the foregoing considerations, it will stay proceedings until the plaintiff in the state court has used reasonable efforts to secure a decision of the United States circuit court on a motion to remand. Certainly it must be presumed that a single judge · of the state courts is as capable as a single judge of the United States courts of weighing the great inconvenience and unnecessary expense of double litigation when it can be avoided. Therefore, as, in this instance, the right of a single defendant to remove is in great doubt, notwithstanding the other defendants have been defaulted, (*Putnam* v. *Ingraham*, 114 U. S. 57, 5 Sup. Ct. Rep. 746, and *Hax* v. *Caspar*, 31 Fed. Rep. 499,) and as the question presented to me is wholly one of inconvenience and not immoderate expense, whatever I might feel myself required to do if the right of removal seemed to me clear, or under more serious circumstances, I do not perceive that I am now justified in granting the injunc-

tion asked for. The petition for a temporary injunction is disallowed, without prejudice to a renewal of it under a new state of facts, and the restraining order is dissolved.