## WAITE v. PHOENIX INS. CO.

### (Circuit Court, M. D. Tennessee. May 10, 1894.)

#### No. 2,947.

1. **REMOVAL OF CAUSES—FILING OF PAPERS IN STATE COURT—RECORD.**
   The fact that the petition for removal and accompanying papers were not marked "Filed" before their presentation to the state court is immaterial, when it appears from the copy of the record and the clerk's certificate that they were a part of the record and in the files of the cause. They became part of the record when they were presented and tendered to the court, whether they were marked "Filed" or not.

2. **SAME—ADDITIONAL PETITION TO FEDERAL COURT.**
   A petition presented to the federal court with the removal papers, and alleging facts not stated in the petition to the state court, cannot be looked to as conferring jurisdiction, if the latter petition does not state sufficient grounds for removal.

3. **SAME—RIGHT OF REMOVAL—AMENDMENT REDUCING DEMAND.**
   On the third day of the term at which suit in a state court for $3,000 was made returnable, plaintiff having filed no declaration, defendant presented a petition, affidavit, and bond for removal. On the same day plaintiff was allowed to amend his original summons so as to reduce his demand to $1,999.95. *Held,* that the right of removal depended on whether the petition therefor was presented before the amendment was made, and that this was a question which the federal court was authorized to try and decide before deciding the motion to remand.

4. **SAME—WAIVER OF REMOVAL—AGREEMENT FOR TRIAL IN STATE COURT.**
   Where a state court continues to assert jurisdiction after the filing of removal papers, defendant does not waive his removal by agreeing that the case shall stand under the rule to plead and try at the next term.

This action was commenced in a state court by William Waite against the Phoenix Insurance Company, and was removed by defendant to this court. Plaintiff moved to remand the case to the state court.

Thos. R. Myers, for plaintiff.

W. L. Eakin and John Ruhm & Son, for defendant.

KEY, District Judge. This suit was commenced in the circuit court of Bedford county, Tenn., returnable the first Tuesday after the first Monday in August, 1893, which was the 7th day of the month. On the 10th day of the month, which was the third day of the term, plaintiff having filed no declaration, the defendant presented to the court its petition, affidavit, and bond for the removal of the cause to this court, and a motion is made on behalf of plaintiff to remand the cause to the state court.

The petition for removal alleges the diverse citizenship of the parties, that the amount in controversy exceeds, exclusive of interest and costs, the sum of $2,000, and tenders the requisite bond for removal. Upon its face the application for removal appears to be such as to authorize the removal sought. It is insisted that the record does not support, but, upon the contrary, contravenes, the allegations of the petition, because it does not show that the petition and accompanying papers were filed. The copy of the record shows that they were a part of the record, and the certificate of the clerk verifying the record states "that the foregoing is a correct copy

of the summons, entries on minutes, and papeis filed in the case." The copy of the record shows that they are a part of the record, and are in the files of the cause. Whether they were marked "Filed" before their presentation to the court is not material. When they were presented to and tendered to the court they became a part of the record.

Defendant accompanies his record with a petition to this court alleging facts that do not appear in his petition to the state court. It cannot be looked to as conferring jurisdiction on this court. If the petition in the state court does not allege sufficient grounds for removal, its failure to do so cannot be remedied by the amended petition. It can only be looked to when the petition filed in the state court shows on its face sufficient grounds for removal to the circuit court of the United States, and may be amended in the latter court by adding to it a fuller statement of the facts germane to the petition upon which the statements in it were grounded. Carson v. Dunham, 121 U. S. 421-430, 7 Sup. Ct. 1030.

This record shows that defendant's petition for removal was presented and filed August 10, 1893. It shows that upon the same day the plaintiff was allowed to amend his original summons so as to reduce the damages claimed from $3,000 to $1,999.95. The damages laid in the summons originally were $3,000. If defendant's petition for removal was presented to the court before plaintiff's motion to amend was made, that presentation removed the suit, and the state court could take no further step therein. There would be nothing of the suit left in the court upon which the court could operate. On the contrary, if the motion to amend was prior in time, the suit was not removable. If the presentation of the petition was first, that petition could not allege the fact of the motion to amend and the amendment, because these facts occurred subsequent to its preparation and presentation. In the light of this record I do not think that by the order made August 18, 1893, that the case should stand under the rules to plead and try at the next term of the court, the parties by their attorneys agreeing thereto, the defendant waived its removal. The court, by its amendment, was asserting its jurisdiction, and the defendant might litigate in that forum without a surrender or waiver of its removal. Insurance Co. v. Dunn, 19 Wall. 214, 227; Kanouse v. Martin, 15 How. 208. It seems to me that the controlling point as to the jurisdiction of this cause is as to whether the petition for removal or the motion to amend is prior in time; and this is a fact this court may try before determining finally the motion to remand. Railroad Co. v. Dunn, 122 U. S. 517, 7 Sup. Ct. 1262. If it turns out that the application to remove is first in time, the damages laid in plaintiff's summons will prevent him from denying that the amount in controversy did not exceed $2,000, exclusive of interest and costs.

The parties to this suit have until the rule day in June next to take testimony in regard to the priority of the presentation of defendant's application for the removal of the suit, or of the motion to amend the plaintiff's summons by a reduction of the damages therein. Final action upon the motion to remand will be reserved until after the coming in of said proof.