## BOLEN-DARNELL COAL CO. v. KIRK.

### No. 427. Opinion Filed November 23, 1909.

#### (106 Pac. 813.)

REMOVAL OF CAUSES—Proceedings—Jurisdiction. Where a proper petition for removal and bond are filed in a state court for the purpose of removing a cause to the Circuit Court of the United States, and such petition is denied by the state court, and thereafter the party desiring the removal files a transcript of the record in said Circuit Court, whereupon the party opposing the removal filed a motion in said United States Circuit Court to remand said cause to the state court, which motion to remand was overruled, the question of removability being a federal ques-

tion, the state court in such a case should withhold its further jurisdiction, upon formal objection before trial; the foregoing facts being brought to its attention by the objecting party.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County; Preslie B. Cole, Judge.*

Action by Robert Kirk against the Bolen-Darnell Coal Company. Judgment for plaintiff. Defendant brings error. Dismissed, and cause remanded, with directions.

*Stuart & Gordon,* for plaintiff in error.
*J. G. Harley* and *Fielding Lewis,* for defendant in error.

KANE, C. J. In the case at bar the record shows that on the 27th day of December, 1907, the defendant filed in the trial court its petition for removal of said cause to the United States Circuit Court for the Eastern District of the state of Oklahoma, with a good and sufficient bond; that after due notice the application for removal came on to be heard on the 6th day of January, 1908, and the court, having seen the petition and bond, approved the bond, and disallowed and dismissed the petition, and refused to transmit said cause to said Circuit Court of the United States, to which ruling the defendant excepted; that on the 9th day of January, 1908, said defendant filed with the clerk of the United States Circuit Court for the Eastern District of Oklahoma, at Muskogee, a full and complete transcript of the record in said cause, duly certified to by the clerk of the district court of Pittsburg county; that thereupon the attorneys for said plaintiff were duly notified that the transcript of the record in said cause had been filed with the clerk of the United States court, as aforesaid; that thereafter, on the 18th day of April, 1908, the defendant filed in said district court of Pittsburg county its amended answer to the complaint of the plaintiff; that on the 27th day of April, 1908, the plaintiff filed a reply to the answer of defendant; that on the 28th day of April, 1908, the defendant filed in said district court its protest against the trial of said cause in said state court, upon the ground that on the 27th day of December, 1907, in accordance with law, it

filed in said court its petition and bond for removal of said cause to the United States Circuit Court for the Eastern District of the State of Oklahoma; that said district court, after examining into the petition for removal, refused the same, and thereupon dismissed said petition; that thereafter, on the 9th day of January, 1908, defendant caused a complete transcript of all the proceedings in said cause to be filed in the United States Circuit Court for the Eastern District of the Indian Territory, at Muskogee; that after said transcript was filed in said United States Circuit Court, as aforesaid, the plaintiff moved said Circuit Court to remand said cause to the state court, which motion upon hearing was overruled, and the said Circuit Court accordingly assumed full and complete jurisdiction to hear and determine said cause; that said state court, after having seen and heard said protest and being fully advised in the premises, did overrule the same, to which action the defendant then and there in open court, excepted; that on the 27th day of April, 1908, after a trial of said cause in said state court, the jury returned its verdict in favor of the plaintiff, and assessed his damage in the sum of $2,000, upon which verdict judgment was duly entered. Thereafter the defendant below, plaintiff in error here, commenced its proceeding in error in this court to reverse the judgment of the court below, and filed in this court its motion to dismiss, supported by an affidavit, to which is attached a certified copy of a judgment, showing that the Circuit Court of the United States, after assuming jurisdiction of said cause and refusing to remand the same to the state court, did on the 21st day of September, 1909, at its regular session in the city of McAlester, state of Oklahoma, render judgment of dismissal in said cause at the cost of plaintiff, with prejudice to any further action of plaintiff against the defendant on account of the matter and things set forth in his petition. Upon the foregoing facts the plaintiff in error moves this court that a judgment be entered herein in favor of the plaintiff in error and against the defendant in error, dismissing this cause and reversing and setting aside the judgment of the district court herein ren-

dered, and rendering judgment in favor of the plaintiff in error, and against the defendant in error, and for costs in this cause.

It seems to us that the case of *Chesapeake & Ohio Railway Company el al. v. McCabe,* 213 U. S. 207, 29 Sup. Ct. 430, 53'L. Ed. 765, is in point on the proposition raised by the motion of counsel for plaintiff in error, and sustains their contention. The question arose in that case in error to the Court of Appeals of the state of Kentucky, to review a judgment of the Mason county circuit court in that state, in favor of plaintiff in an action to recover damages for the negligent killing of plaintiff's intestate. The Chesapeake & Ohio Railway Company filed a motion to remove the action to the United States Circuit Court for the Eastern District of Kentucky. The petition was granted, and the clerk of the court was directed to make up the record in said cause. for transmission to the Circuit Court of the United States. The plaintiff in the case excepted to the order, and subsequently made a motion to set it aside, which was denied. An appeal from the order to the Court of Appeals was immediately granted, and that court reversed and remanded the case for trial. The trial was had, and the jury instructed by the court to find in favor of the defendant. This judgment was reversed by the Court of Appeals. Another trial was had, resulting in a verdict for plaintiff, which judgment was sustained by the Court of Appeals. To this judgment the writ of error was taken. The record further shows that after the appeal from the order of removal, plaintiff in error filed a transscript of the record in the Circuit Court of the United States for the Eastern District of Kentucky, and the case was duly docketed. After the decision of the Court of Appeals of Kentucky reversing the order of the Mason county circuit court, removing the case to the Circuit Court of the United States, plaintiff filed in the latter court a motion to remand the case to the state court. On October 19, 1903, that motion was overruled. Thereafter the Chesapeake & Ohio Railway Company filed in the Circuit Court of the United States its answer to the petition of the plaintiff, and on motion of the latter the cause was set down for trial April 12th. On the latter date the Chesapeake & Ohio Railway

Company moved for judgment of dismissal of the suit on the face of the pleadings. This motion was granted, and also a demurrer was sustained to the petition, and judgment rendered. On November 17, 1903, plaintiff in error offered for filing an answer in the Mason county circuit court, which set up the petition for removal, and the order thereon, removing the cause to the Circuit Court of the United States, the filing in the latter court of the transcript of the record, and the docketing of the cause the 13th day of January, 1902. The answer alleged also that, on motion of the defendants, a rule was issued against the plaintiff to show cause why she should not be required to give bond for costs, or make a deposit of money in lieu thereof; that the plaintiff filed a response thereto, and, after the decision of the Court of Appeals of Kentucky, reversing the order removing the cause to the Circuit Court of the United States, appeared by her counsel in the latter court, filed a petition to remand the case to the state court, which motion was denied. The motion to file the answer was denied by the state court, but by order of the court it was made part of the record. Notwithstanding the judgment of the Circuit Court of the United States dismissing the action, the case remained on the docket of the state court, and before it was called for trial again the defendants therein tendered an amended answer, setting out all the proceedings in the Circuit Court of the United States, attaching thereto copies of the judgments of that court, and alleging that they were in force and effect unreversed, and pleaded the same to plaintiff's recovery against them, and each of them, in said action. The court refused to let the answer be filed, but ordered that it be made part of the record.

The question of law presented by the foregoing statement, as stated by Mr. Justice Day, who delivered the opinion of the court, was:

"The Circuit Court of the United States having taken jurisdiction of the case upon the removal, and having refused to remand it, and proceeded to final judgment, should the state court, when that judgment was offered to be pleaded before it, have given effect to the judgment? That is the federal question presented in this case."

After reviewing the statutes governing removals and the authorities construing the same, Justice Day continues:

"It is apparent that these provisions are intended to confer jurisdiction upon the United States Circuit Court to determine for itself the removability of a given cause, and it has been accordingly held in this court that, notwithstanding the refusal of the state court to remove the case, the party desiring the removal may file a transcript of the record in the Circuit Court of the United States; and, if the case was a removable one, it is immaterial that the state court has denied the petition for removal. *Kern v. Huidekoper,* 103 U. S. 485, 26 L. Ed. 354, and cases therein cited. And it was held in *Madisonville Traction Co. v. St. Bernard Min. Co.,* 196 U. S. 239 [25 Sup. Ct. 251] 49 L. Ed. 462, that, notwithstanding the refusal of the state court to make an order of removal, the controversy being removable to the United States Circuit Court, that court might protect its jurisdiction by injunction against further proceedings in the state court. In view of these provisions of the statute, and the decisions of this court construing the same, we think it was the intention of Congress to confer upon the Circuit Court of the United States a right to determine the removability of a cause, independently of the jurisdiction and determination of the state courts. And while it is true that, when the judgment of a state court is under consideration, it may properly be held that the courts of the state are not obliged to surrender their jurisdiction until a petition is filed making a proper ground for removal, it does not follow that, when the jurisdiction of the Circuit Court of the United States is invoked, its judgment, holding a case removable and rendering a final judgment therein, can be disregarded by the state court, where it is properly set up before judgment, as was done in the present case. * * * The Circuit Court of the United States having an independent jurisdiction to determine the removability of the cause, what is the proper procedure when, as has sometimes happened, the federal court differs from the state court upon this question? This question was dealt with in *Baltimore & O. R. Co. v. Koontz,* 104 U. S. 5, 15, 26 L. Ed. 643, 646, wherein Mr. Chief Justice Waite, speaking for the court, said: 'The right to remove is derived from a law of the United States, and whether a case is made for removal is a federal question. If, after a case has been made, the state court forces the petitioning party to trial and judgment, he is entitled to his writ of error to this court if he saves the question on the record. If a reversal is had

here on account of that error, the case is sent back to the state court, with instructions to recognize the removal, and proceed no further. Such was, in effect, the order in *Gordon v. Longest,* 16 Pet. 97, 10 L. Ed. 900. The petitioning party has the right to remain in the state court under protest, and rely on this form of remedy if he chooses, or he may enter the record in the Circuit Court and require the adverse party to litigate with him there, even while the state court is going on. This was actually done in *Removal Cases,* 100 U. S. 457, 25 L. Ed. 593. When the suit is docketed in the Circuit Court, the adverse party may move to remand. If his motion is decided against him, he may save his point on the record, and, after final judgment, bring the case here for review, if the amount involved is sufficient for our jurisdiction. If, in such a case, we think his motion should have been granted, we reverse the judgment of the Circuit Court, and direct that the suit be sent back to the state court, to be proceeded with there as if no removal had been had. If the motion to remand is decided by the Circuit Court against the petitioning party, he can at once bring the case here by writ of error, or appeal for a review of that decision, without regard to the amount in controversy. *Babbitt v. Clark,* 103 U. S. 606, 26 L. Ed. 507. If, in such a case, we reverse the order of the Circuit Court to remand, our instructions to that court are, as in *Relfe v. Rundle (Life Asso. of America v. Rundle)* 103 U. S. 222, 26 L. Ed. 337, to proceed according to law, as with a pending suit within its jurisdiction by removal.' "

Justice Day continued:

"From these decisions it is apparent that, while the petitioner, in the event of an adverse decision in the state court, may remain in that court, and, after a final judgment therein, bring the case here for review, he is not obliged to do so. He may file the record in the Circuit Court of the United States, as was said by Mr. Chief Justice Waite, while the case is going on in the state court. The federal statute then gives to the United States Circuit Court jurisdiction to determine the question of removability, and it has the power, not given to the state court, to protect its jurisdiction, notwithstanding section 720 of the Revised Satutes (U. S. Comp. St. 1901, p. 581), by an injunction against further proceedings in the state courts. *Madisonville Traction Co. v. St. Bernard Min. Co., supra.* In order to prevent unseemly conflict of jurisdiction it would seem that the state court in such cases should withhold its further exercise of juris-

diction until the decision of the Circuit Court of the United States is reviewed in this court. If the federal jurisdiction is not sustained, the case will be remanded, with instructions that it be sent back to the state court as if no removal had been had. *Baltimort & O. R. Co. v. Koontz, supra.* Conceding that, except for the principle of comity, the state court may decide the question of jurisdiction for itself, in the absence of an injunction from the federal court in aid of its own jurisdiction, or a writ of certiorari requiring the state court to surrender the record under the act of 1875, is the state court obliged to give effect to the judgment of the United States Circuit Court, from which no writ of error is taken, and rendered in the federal court after it has sustained its own jurisdiction of the federal court, we think that such fed- that the question is a federal one, and that the state court is given no right to review or control the exercise of the jurisdiction of the federal court, we think that such federal judgment cannot be ignored in the state courts as one absolutely void for want of jurisdiction, and that such judgment, until reversed by a proper proceeding in this court, is binding upon the parties, and must be given force when set up in the action. This view is sustained in the former decisions of this court upon the subject. In *Des Moines Nav. & R. Co. v. Iowa Homestead Co.,* 123 U. S. 552, 8 Sup. Ct. 217, 31 L. Ed. 202, this court considered the effect of a judgment rendered in the federal court upon removal from the state court. In that case it appeared that the federal court ought not in fact have taken jurisdiction, for it appeared upon the face of the record that some of the defendants who did not join in the petition for removal were citizens of the same state as the plaintiff. The state court of Iowa refused to give effect to the judgment of the federal court, and its judgment was reversed. Mr. Chief Justice Waite, speaking for the court, said (page 559 [of 123 U. S., page 220 of 8 Sup. Ct., 31 L. Ed. 202]) : 'Whether in such a case the suit could be removed was a question for the Circuit Court to decide when it was called on to take jurisdiction. If it keep the case when it ought to have been remanded, or if it proceeded to adjudicate on matters in dispute between two citizens of Iowa when it ought to have confined itself to those between the citizens of Iowa and the citizens of New York, its final decree in the suit could have been reversed on appeal as erroneous, but the decree would not have been a nullity. To determine whether the suit was removable in whole or in part or not was certainly within the power of the Circuit Court. The decision of

that question was the exercise, and the rightful exercise, of jurisdiction, no matter whether in favor of or against taking the cause. Whether its decision was right, in this or any other respect, was to be finally determined by this court on appeal.'  *  *  *  Applying these principles to the case at bar, we think the state court erred in refusing to give effect to the judgment set up in the answer offered in the state court.  When the application for removal was made in the state circuit court, that court held the case removable, and the record was filed in the federal court.  Afterwards that court, upon the application of the plaintiff, refused to remand the suit, and proceeded to a final determination thereof, and rendered judgment accordingly.  It is not necessary to determine whether the case was removable or not.  The federal court was given jurisdiction to determine that question; it did determine it, and its judgment was conclusive upon the parties before it until reversed by a proper proceeding in this court.  Instead of bringing the case here, the plaintiff proceeded in the state court, and that court denied effect to the federal judgment.  The plaintiff in error lost no right when thus compelled to remain in the state court, notwithstanding the federal judgment in its favor, and brought the suit here by writ of error to the final judgment of the state court, denying its right secured by the federal judgment.  It was open to the plaintiff to bring the adverse decision of the federal court on the question of jurisdiction to this court for review.  This course was not pursued, but the action proceeded in the state court, evidently upon the theory that the judgment of the federal court was a nullity if it had erred in taking jurisdiction.  For the reasons stated we think this hypothesis is not maintainable."

If we understand the foregoing decision, the question of removability being a federal question, the Circuit Court of the United States had complete jurisdiction to pass upon it, and its ruling thereon was conclusive upon the parties before it until it was reversed by a proper proceeding in the Supreme Court of the United States.  The state court in such a case should withhold its further exercise of jurisdiction until the decision of the Circuit Court of the United States was reviewed by the Supreme Court.  If the federal jurisdiction was not sustained, the case would then be remanded, with instructions that it be sent back to the state court as if no removal had been had.  Applying the same rule to this court, it follows that this court, upon the showing made in the motion to

dismiss, should give effect to the judgment of dismissal of the United States Circuit Court, as that judgment is also conclusive upon the parties before it until reversed by a proper proceeding in the Supreme Court of the United States.

It is. therefore ordered that the judgment of the court below shall be reversed, and the cause remanded to the court below, with instructions to recognize the proceedings in the United States Circuit Court, and to proceed no further unless the cause is again remanded to it by the federal court.

All the Justices concur.