## CHICAGO, R. I. & P. RY. CO. v. BRAZZELL.

No. 3214.    Opinion Filed May 14, 1912.

(124 Pac. 40.)

1.  APPEAL AND ERROR—Record—Scope and Contents—Petition for Removal.  A petition and bond for removal, having been duly incorporated in a valid case-made, thereby becomes a part of the appeal record without a bill of exceptions.

2.  REMOVAL OF CAUSES—Proceedings—Effect of Application.  The question presented to the trial court when a petition for removal is filed, accompanied by proper bond, is one of law arising on the sufficiency of the petition, and, where the question of the right of removal arises out of the facts averred, the same cannot be tried in the state court; for jurisdiction to hear and determine this question is vested exclusively in the federal court to which removal is sought.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County;*
*Chas. B. Wilson, Jr., Judge.*

Action by C. M. Brazzell against the Chicago, Rock Island & Pacific Railway Company.  Judgment for plaintiff, and defendant brings error.  Reversed and remanded, with directions.

*C. O. Blake, H. B. Lowe, R. J. Roberts, W. H. Moore,* and *J. H. Woods,* for plaintiff in error.

*H. H. Smith,* for defendant in error.

DUNN, J.  This case presents error from the district court of Pottawatomie county.  On November 3, 1910, C. M. Brazzell, defendant in error, as plaintiff, brought his action against plaintiff in error for the recovery of $25,000 damages for personal injuries, alleged to have been received by him on or about August 17, 1910.  Plaintiff alleged in his petition that he was a resident of the state of Tennessee.  Within due time and prior to filing its answer, the defendant filed a petition for removal, in which it alleged that the time had not elapsed within which it was permitted to answer the petition, and that the plaintiff was, at the

time of the institution of the suit, and still was, a citizen of the state of Oklahoma residing in Pottawatomie county; that the defendant was, at the time of the institution of the suit, and ever since had been, a corporation organized under and by virtue of the laws of the states of Illinois and Iowa, with its principal place of business in the city of Chicago, and was a nonresident of the state of Oklahoma; that the controversy was between citizens of different states, and was a civil action, where more than $2,000, exclusive of interest and costs, was involved. The prayer of the petition was that the state court proceed no further, except to make the order of removal, as required by law. Accompanying the said petition was a sufficient bond, as provided by the statute. This prayer was denied. The defendant was required to and did answer, and the case came regularly on for trial, resulting in a verdict for plaintiff, and the cause has been lodged in this court for review.

Counsel for defendant present the denial of removal by the state court as ground for reversing or setting aside the judgment rendered herein. It is contended by counsel for plaintiff that the question is not properly preserved, because the petition for removal is not a part of the judgment roll, and that, in order to make it a part of the record on appeal, the petition and proceedings with respect thereto should be incorporated into a bill of exceptions, and also that if the question is properly raised the case was not removable. In neither of these contentions are we able to concur. The record before us is a case-made, which, for this purpose, takes the place of a bill of exceptions. Plaintiff's petition, the petition for removal, and the bond are all made part of the case-made, duly certified by the trial judge, and are regularly before us for our consideration. Where such is the case, a bill of exceptions is not necessary in order to save the appeal record. Burdick's New Trials and Appeals, sec. 207, and cases cited; *Leavenworth, Northern & Southern Ry. Co. v. Herley et al.,* 45 Kan. 535, 539, 26 Pac. 23; *Shumaker et al. v. O'Brien,* 19 Kan. 476.

On the question of whether this action was removable or not, we think there can be no doubt. In at least three cases de-

cided by this court, the question has been passed upon, all adversely to plaintiff's contention. *Choctaw, O. & G. Ry Co. v. Burgess,* 21 Okla. 110, 95 Pac. 606; *Bolen-Darnell Coal co. v. Kirk,* 25 Okla. 273, 106 Pac. 813, 26 L. R. A. (N. S.) 270; *Western Coal & Mining Co. et al. v. Osborne,* 30 Okla. 235, 119 Pac. 973. The question presented to the trial court in this case was simply one of fact, which all of the later federal as well as state courts hold is determinable only by the federal Circuit Court, the rule being that when a petition for removal is filed, accompanied by proper bond, the only question then presented for determination by the state court is one of law arising on the sufficiency of the petition. And where the question of the right of removal arises out of the facts averred, the question cannot be tried in the state court, but jurisdiction to hear and determine it is transferred to and vested in the federal court to which the removal is sought. This statement of the rule appears to meet with the sanction of all of the courts which have latterly had occasion to pass on the same. See Black's Dillon on Removal of Causes, secs. 191, 192; Moon on the Removal of Causes, sec. 177; 10 Ency. of U. S. Supreme Court Reports, 703; 34 Cyc. 1305, where the cases are collected.

Discussing the apparent conflict which exists between the authorities on the question of jurisdiction to determine the right of removal in section 191, Black's Dillon on the Removal of Causes, *supra,* it is said:

"In regard to the question whether the state court or the federal court is invested with jurisdiction to determine upon the removability of the cause, and the regularity and sufficiency of the steps which have been taken to effect its removal, there is much apparent conflict between the authorities. But they may be nearly all reconciled, and the true rules evolved, by paying due attention to the difference between questions of fact and questions of law, and to the nature of the questions which present themselves to the state court and the federal court, respectively, upon an application for removal. In the first place, it is settled beyond any manner of doubt that questions of fact arising upon an application for the removal of a cause are to be tried and determined in the federal court alone. Issues of fact upon the petition cannot be raised in the state court. That court must take the facts to be as they are stated in the record and the petition; it

has no jurisdiction to pass upon any such questions; that is the exclusive province of the federal court, citing *Stone v. South Carolina,* 117 U. S. 430, 6 Sup. Ct. 799 [29 L. Ed. 962] ; *Burlington, C. R. & N. R. Co. v. Dunn,* 122 U. S. 513, 7 Sup. Ct. 1262 [30 L. Ed. 1159] ; *Crehore v. Ohio & M. R. Co.,* 131 U. S. 240, 9 Sup. Ct. 692 [33 L. Ed. 144] ; *Sinclair v. Pierce* [C. C.]· 50 Fed. 851; *Waite v. Phoenix Ins. Co.* [C. C.] 62 Fed. 769; *Powers v. Chesapeake & O. R. Co.* [C. C.] 65 Fed. 129; *Fidelity Trust Co. v. Newport News & N. V. Co.* [C. C.] 70 Fed. 403. For example, if any question is raised as to the actual citizenship of either of the parties, when the removability of the case depends upon the diversity of their citizenship, this issue is triable only in the federal court; the state court must assume that the facts as to citizenship are as they appear in the record and are alleged in the petition for removal; and it cannot receive and consider any evidence to the contrary, citing *Carson v. Hyatt,* 118 U. S. 279, 6 Sup. Ct. 1050 [30 L. Ed. 167] ; *Kansas City, Ft. S. & M. R. Co. v. Daughtry,* 138 U. S. 298, 11 Sup. Ct. 306 [34 L. Ed. 963] ; *De Wolf v. Rabaud,* 1 Pet. 476 [7 L. Ed. 227]."

On the procedure proper to be followed by a state court on the filing of an application for removal, when the same is duly and seasonably made, the same authority, at section 192, says:

"When an application for the removal of a cause from a state court to a federal court is duly and seasonably made by the filing of a proper and sufficient petition and bond, and the removal papers, in connection with the record, show that the case is within the act of Congress, it is the duty of the state court, under the statute, to 'accept said petition and bond and proceed no further in such suit.' All rightful jurisdiction of the state court over the cause immediately ceases. It makes no difference whether that court grants or refuses an order of removal. Its jurisdiction being at an end, any further step taken in the cause in that court, or any order, judgment, or decree made by it, is erroneous and voidable, if not absolutely void. And however long the question of the removability of a suit may be litigated in the federal courts, and although those courts may ultimately decide to remand it to the state court, no valid action or proceeding can be taken in the state court before the remand."

The same doctrine is announced at section 177 of Moon on the Removal of Causes, as follows:

"The later decisions deny to the state court all authority to inquire into the truth of the facts alleged in the petition for re-

moval. Its statements of the facts of the case, no matter whether true or false, must be accepted as true by the state court. The plaintiff may, in the Circuit Court of the United States, question the truth of the petition for removal; but he cannot be heard to do so in the state court."

In addition to the authorities cited in support of the texts above noted, we note the following: *Postal Telegraph Cable Co. v. Southern Ry. Co.* (C. C.) 88 Fed. 803; *Carson v. Hyatt et al.*, 118 U. S. 279, 6 Sup. Ct. 1050, 30 L. Ed .167; *Kansas City, Ft. S. & M. R. Co. v. Daughtry,* 138 U. S. 298, 11 Sup. Ct. 306, 34 L. Ed. 963.

On this question Circuit Judge Simonton of the Circuit Court for the Western District of North Carolina, in the case of *Postal Telegraph Cable Co. v. Southern Ry. Co., supra,* said:

"The petition for removal, with proper bond, was filed before the time for answering had expired. This petition averred the two jurisdictional facts: (1) The diversity of citizenship; (2) that the matter in controversy exceeded the value of $2,000, exclusive of interest and costs. Upon the truth of these facts, of both of them, depends the right of removal. *Powers v. Railway Co.,* 169 U. S. 99, 18 Sup. Ct. 264 [42 L. Ed. 673]. Issue was joined upon one of these facts—the jurisdictional amount; and the superior court, inadvertently it is sure, passed upon that issue. It could be decided nowhere but in this court. *Carson v. Hyatt,* 118 U. S. 279, 6 Sup. Ct. 1050 [30 L. Ed. 167]; *Carson v. Dunham,* 121 U .S. 421, 7 Sup. Ct. 1030 [30 L. Ed. 992]; *Railway Co. v. Dunn,* 122 U. S. 513, 7 Sup. Ct. 1262 [30 L. Ed. 1159]; *Railroad Co. v. Daughtry,* 138 U. S. 298, 11 Sup. Ct. 306 [34 L. Ed. 963]. This being the case, and the petition on its face stating the two essential facts for removal, the case was *ipso facto* removed, and the state could proceed no further, upon the filing of the petition and bond; that is, just as soon as they were filed. *Gordon v. Longest,* 16 Pet. 97 [10 L. Ed. 900]; *Insurance Co. v. Dunn,* 19 Wall. 214 [22 L. Ed. 68]; *Kern v. Huidekoper,* 103 U. S. 485 [26 L. Ed. 354]; *Railroad Co. v. Koontz,* 104 U. S. 5 [26 L. Ed. 643]."

The best discussion which we have seen on the proposition is contained in the case of *Burlington, Cedar Rapids & N. Ry. Co. v. Dunn,* 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. Ed. 1159, in which the late Chief Justice Waite of the Supreme Court of the United

States, discussing the previous holding of that court on this question, said:

"It must be confessed that previous to the cases of *Stone v. South Carolina,* 117 U. S. 430, 432 [6 Sup. Ct. 799, 29 L. Ed. 962], and *Carson v. Hyatt,* 118 U. S. 279 (6 Sup. Ct. 1050, 30 L. Ed. 167], decided at the last term, the utterances of this court, on that question, had not always been as clear and distinct as they might have been. Thus, in *Gordon v. Longest,* 16 Pet. 97, 103 [10 L. Ed. 900], in speaking of removals under section 12 of the judiciary act of 1789, it was said, 'it must be made to appear to the satisfaction of the state court that the defendant is an alien, or a citizen of some other state than that in which the suit was brought'; and in *Railway Company v. Ramsey,* 22 Wall. 322, 328 [22 L. Ed. 823], that 'if upon the hearing of the petition it is sustained by the proof, the state court can proceed no further.' In other cases expressions of a similar character are found, which seem to imply that the state courts were at liberty to consider the actual facts, as well as the law arising on the face of the record, after the presentation of the petition for removal. At the last term it was found that this question had become a practical one about which there was a difference of opinion in the state courts, and to some extent in the circuit courts, and so, in deciding *Stone v. South Carolina, supra,* we took occasion to say: 'All issues of fact made upon the petition for removal must be tried in the Circuit Court; but the state court is at liberty to determine for itself whether, on the face of the record, a removal has been effected. It is true, as was remarked by the Supreme Judicial Court of Massachusetts, in *Amy v. Manning,* 144 Mass. 153 [10 N. E. 737], that this was not necessary to the decision in that case; but it was said on full consideration and with the view of announcing the opinion of the court on that subject. Only two weeks after that case was decided, *Carson v. Hyatt, supra,* came up for determination, in which the precise question was directly presented, as the allegation of citizenship in the petition for removal was contradicted by a statement in the answer, and it became necessary to determine where the fact really was. We there affirmed what had been said in *Stone v. South Carolina, supra,* and decided that it was error in the state court to proceed further with the suit after the petition for removal was filed, because the Circuit Court alone had jurisdiction to try the question of fact which was involved. This rule was again recognized at this term in *Carson v. Dunham,* 121 U. S. 421 [7 Sup. Ct. 1030, 30 L. Ed. 992], and is in entire harmony with all that had

been previously decided, though not with all that had been said in the opinions in some of the cases. To our minds, it is the 'true rule, and calculated to produce less inconvenience than any other. The theory on which it rests is that the record closes, so far as the question of removal is concerned, when the petition for removal is filed and the necessary security furnished. It presents, then, to the state court a pure question of law, and that is whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit. That question the state court has the right to decide for itself; and if it errs in keeping the case, and the highest court of the state affirms its decision, this court has jurisdiction to correct the error, considering, for that purpose, only the part of the record which ends with the petition for removal. *Stone v. South Carolina,* 117 U. S. 430 [6 Sup. Ct. 799, 29 L. Ed. 962], and cases there cited. But, even though the state court should refuse to stop proceedings, the petitioning party may enter a copy of the record of that court, as it stood on the filing of his petition, in the Circuit Court, and have the suit docketed there. If the Circuit Court errs in taking jurisdiction, the other side may bring the decision here for review, after final judgment or decree, if the value of the matter in dispute is sufficient in amount. *Railroad Company v. Koontz,* 104 U. S. 5, 15. [26 L. Ed. 643]. In that case, the same as in the writ of error to the state court, the question will be decided on the face of the part of the record of the state court which ends with the petition for removal; for the Circuit Court can no more take a case until its jurisdiction is shown by the record, than the state court can be required to let it go until the record shows that its jurisdiction has been lost. The questions in the two courts will be identical, and will depend on the same record, namely, that in the state court ending with the petition for removal."

From the foregoing authorities, it will be seen that, notwithstanding the fact that a trial has taken place and a judgment rendered in favor of plaintiff, the proceedings in the state court were conducted at a time when it was wholly without jurisdiction. The fact that it may have eventuated that its conclusion on the removal of this cause was correct, and that the same was not removable, in no wise changes the situation. The state court had no more authority or jurisdiction to decide right on this question than it had to decide wrong. It simply lacked the power to de-

cide at all.   The question presented was one of fact, jurisdiction to determine which, as we have seen from the above authorities, is vested exclusively in the federal court.   This is the holding of the Supreme Court of the United States in the construction of the removal statute, and its decision is binding on this court. Under these conditions, the trial had, the proceedings taken, and the judgment rendered, subsequent to the filing of the petition for removal, are mere nullities, of no consequence whatsoever, and tantamount to never having taken place.

The cause is therefore remanded to the district court of Pottawatomie county, with instructions to set aside the judgment which has heretofore been rendered and take such proceedings in accordance with this opinion as the parties may elect.

TURNER, C. J., and HAYES, WILLIAMS, and KANE, JJ., concur.