HOWARD HERRICK, JR., v. NORFOLK-SOUTHERN RAILROAD COMPANY.

(Filed 6 March, 1912.)

1. Removal of Causes—Federal Courts—Diversity of Citizenship—
   Filing Petition and Bond—Practice.
      The mere filing of a petition and bond for the removal of a
   suit from the State to the Federal court, on the ground of diver-
   sity of citizenship, does not effect a transfer, unless it appears
   by the petition that the petitioner has the right to remove it.

### 2. Same—Jurisdiction—Questions of Law.

When a nonresident defendant of this State files his petition with sufficient allegations and bond in a court of this State for the removal of a cause to the Federal court, the jurisdiction of the State court ends, leaving only to the judge of the State court the right to pass upon the sufficiency of the petition and the bond.

### 3. Same—Appeal and Error.

When the State court errs in retaining jurisdiction of a cause sought to be removed to a Federal court by a nonresident defendant, the Supreme Court of the United States can, upon writ of error review its decision, when affirmed by the highest appellate court of the State.

### 4. Removal of Causes—Federal Court—Diversity of Citizenship—Questions of Law—Issues of Fact—Jurisdiction.

When a proper petition and sufficient bond for removal of a cause from the State to the Federal court has been duly filed by a nonresident defendant in the State court, the latter court cannot pass upon an issue of fact as to whether the defendant was a nonresident, as such an issue is determinable only in the Federal court.

APPEAL from *Ferguson, J.,* at December Term, 1911, of MARTIN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*H. W. Stubbs for plaintiff.*
*W. B. Rodman for defendant.*

WALKER, J. This action was brought by the plaintiff, Howard Herrick, who sues by his next friend, John C. Lamb, to recover damages for injuries to the infant plaintiff, alleged to have been caused by the negligence of the defendant on its electric railway in Virginia Beach, State of Virginia. The damages are laid at $25,000. Before the plea or answer was due, or the time allowed by law for filing the same had expired, the defendant presented its verified petition to the court, alleging that it is a corporation chartered under the laws of the State of Virginia, and a citizen and resident of that State, the plaintiff and his next friend being citizens of this State, and in other respects containing all the essential averments required by the

removal act of Congress. It tendered a bond with sufficient surety for entering the case in the Circuit Court of the United States for the Eastern District of this State, and upon the papers thus filed in the State court, it prayed that the cause be removed to the said Circuit Court for trial. *Judge Ferguson,* then presiding in the State court, ordered the case to be removed according to the prayer of the petition, and the plaintiff excepted and appealed.

The contention of the plaintiff is that the defendant is not a corporation and resident of the State of Virginia, but a corporation of North Carolina and Virginia, and he so alleges in his complaint. He also files certain papers, duly certified by the Secretary of State, for the purpose of sustaining his allegation. Even if the certificates do tend to establish the fact, which we gravely doubt, this issue cannot be tried in the State court. The law upon this question is well settled. It is true that a State court is not bound to surrender its jurisdiction of a suit on a petition for removal, until a case has been made, which on its face shows that the petitioner has a right to the transfer. The mere filing of a petition for the removal of a suit which is not removable does not work a transfer, and in order to accomplish this the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal, which being made to appear in the record, and the necessary security having been given, the power of the State court in the case ends, and that of the Federal court begins. The State court, of course, may decide, on the face of the record, whether the case is a removable one. The law upon this subject has been so fully and conclusively stated by the Court having the jurisdiction under the Constitution *to* declare finally what it shall be, that we will content ourselves by referring to one of its latest decisions dealing with the question. In *B. C. R. and N. Railway Co. v. Dunn,* 122 U. S., 513, it has stated the true rule explicitly, as follows: "The assignment of errors presents but a single question, and that is, whether, as after the petition for removal had been filed the record showed on its face that the State court ought to proceed no further, it was competent for that court to allow an issue

of fact to be made upon the statements in the petition, and to retain the suit because on that issue the railway company had not shown by testimony that the plaintiff was actually a citizen of Minnesota. It must be confessed that previous to the cases of *Stone v. South Carolina,* 117 U. S., 432 (29 : 962), and *Carson v. Hyatt,* 118 U. S., 279 (*ante,* 167), decided at the last term, the utterances of this Court on that question had not always been as clear and distinct as they might have been. Thus in *Gordon v. Longest,* 41 U. S., 16 Pet., 97 (10 : 900), in speaking of removals under section 12 of the Judiciary Act of 1789, it was said, p. 104 (902) : 'It must be made to appear to the satisfaction of the State court that the defendant is an alien, or a citizen of some other State than that in which the suit was brought'; and in *Railway Co. v. Ramsey,* 89 U. S., 22 Wall., 328 (22 : 824), that, 'If upon the hearing of the petition it is sustained by the proof, the State court can proceed no further.' In other cases expressions of a similar character are found, which seem to imply that the State courts were at liberty to consider the actual facts, as well as the law arising on the face of the record, after the presentation of the petition for removal. At the last term it was found that this question had become a practical one, about which there was a difference of opinion in the State courts, and to some extent in the circuit courts; and so, in deciding *Stone v. South Carolina,* we took occasion to say, 'All issues of fact made upon the petition for removal must be tried in the circuit court, but the State court is at liberty to determine for itself whether, on the face of the record, a removal has been effected.' It is true, as was remarked by the Supreme Judicial Court of Massachusetts in *Amy v. Manning,* 144 Mass., 153, that this was not necessary to the decision in that case; but it was said on full consideration and with the view of announcing the opinion of the Court on that subject. Only two weeks after that case was decided, *Carson v. Hyatt* came up for determination, in which the precise question was directly presented, as the allegation of citizenship in the petition for removal was contradicted by a statement in the answer, and it became necessary to determine what the fact really was. We there affirmed what had been said in *Stone v. South Caro-*

*lina,* and decided that it was error in the State court to proceed further with the suit after the petition for removal was filed, because the circuit court alone had jurisdiction to try the question of fact which was involved. This rule was again recognized at this term in *Carson v. Dunham,* 121 U. S., 421 (*ante,* 992), and is in entire harmony with all that had been previously decided, though not with all that had been said in the opinions in some of the cases. To our minds, it is the true rule and calculated to produce less inconvenience than any other. The theory on which it rests is that the record closes, so far as the question of removal is concerned, when the petition for removal is filed and the necessary security furnished. It presents, then, to the State court a pure question of law, and that is, whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit. That question the State court has the right to decide for itself; and if it errs in keeping the case, and the highest court of the State affirms its decision, this Court has jurisdiction to correct the error, considering for that purpose only the part of the record which ends with the petition for removal. *Stone v. South Carolina,* 117 U. S., 432 (*supra*), and cases there cited." *Crehore v. O. and M. Railway Co.,* 131 U. S., 240; *R. R. v. Daughtry,* 138 U. S., 298. The rule, as thus formulated, has been recognized by this Court as the authoritative and controlling one in *Springs v. R. R.,* 130 N. C., 186. The cases to the same effect are collected in 5 Digest U. S. Supreme Court Reports (L. Ed., 1908), pp. 5100 and 5101. In the case of *R. R. v. Daughtry, supra,* the very question now before us was involved and the Court held it to be "thoroughly settled" by the decisions that issues of fact raised upon petitions for removal must be tried in the Federal Court. The issue in that case was one of diverse citizenship. The matter was fully discussed at the last term by *Justice Hoke* in *Rea v. Mirror Co., ante,* 24, and we then reached the same conclusion as herein stated.

It therefore follows that the Superior Court, to which the petition for removal was presented, did not have the power to

pass upon the issue of fact as to the diverse citizenship of the parties, and properly left that issue, if it has been sufficiently raised in the record, to the determination of the United States Court.

The ruling of the court was correct.

Affirmed.