W. W. HYDER v. SOUTHERN RAILWAY COMPANY.

(Filed 9 December, 1914.)

1. **Removal of Causes—Extension of Time to Plead—Petition—Time to File —Interpretation of Statutes.**

   An order of the trial judge extending time within which to file pleadings, under our statute, has the same force and effect as if the extended period had originally been allowed by the statute; and where a nonresident defendant is sued by a resident plaintiff in our courts for an amount cognizable in the Federal court, and the plaintiff fails to file his complaint within the time allowed, and obtains an extension of time to file pleadings duly excepted to by the defendant, which upon notice given files its petition and bond for removal to the Federal court and moves thereon at the first available term of the Superior Court wherein the action was commenced, it is held that the defendant's motion was in time, and should be allowed, if the cause is otherwise removable.

2. **Removal of Causes—Foreign Corporations—Lessee Railroads.**

   The leasing and operating of a domestic railroad by a foreign railroad company cannot have the effect of making the lessee road a domestic corporation, or prohibit it from removing a cause to the Federal court under the Federal act permitting it. *Herrick v. R. R.,* 158 N. C., 310; *Hurst v. R. R.,* 162 N. C., 368, cited and distinguished.

**3. Removal of Causes — Citizenship — Issue of Fact—Jurisdiction—Federal Courts.**

> An issue of fact raised by the complaint and petition as to whether a corporation, seeking to remove a cause brought against it by a resident plaintiff, to the Federal court, is a foreign corporation and entitled to have its motion granted for diversity of citizenship, is one for the determination of the Federal court where the petition upon its face is regular and sets forth facts sufficient for the removal of the case, and the bond accompanying it is a proper one.

APPEAL by defendant from *Webb, J.,* at October Term, 1914, of HENDERSON.

This was a civil action heard on a motion to remove the cause to the District Court of the United States for the Western District of North Carolina. The summons was issued 12 May, 1914, returnable on the twelfth Monday after the first Monday in March, 1914, towit, 25 May, 1914. The summons was served 12 May, 1914, on the defendant. At the May term of the court, 28 May, 1914, the defendant moved to dismiss the action for failure of the plaintiff to file the complaint within the first three days of the term. This motion was overruled, and the plaintiff allowed sixty days to file complaint and the defendant sixty days thereafter to file answer or otherwise plead. The defendant excepted. The complaint was not filed within the sixty days allowed by the court, but was filed 6 August, 1914. The sixty days expired 28 July, 1914. The complaint alleged damages in the sum of $20,125. On 7 September, 1914, the defendant served notice of a motion to remove the cause to the United States District Court. This motion was made and heard at the next term of the court after the complaint was filed, towit, October Term, 1914. The petition to remove was in the usual form, and alleged that the plaintiff was a citizen and resident of the State of North Carolina, and the defendant Southern Railway Company a corporation organized under the laws of the State of Virginia, and a citizen and resident of the State of Virginia, and not a citizen and resident of the State of North Carolina. The judge refused to remove the cause, and entered an order denying the defendant's motion. The defendant thereupon excepted and appealed.

*Staton & Rector for plaintiff.*
*Martin, Rollins & Wright for defendant.*

WALKER, J., after stating the case: The defendant certainly did all that it could, under the law, to preserve its right of removal. It objected to the enlargement of time to plead. Could it do more? If the court ruled against its objection, it surely was not in fault. The plaintiff was delinquent even after receiving this favor from the court, as he did not file his complaint until after the extended time had expired. The

defendant filed its written notice to remove with sufficient promptness, just thirty days after the complaint was filed. The answer was not due until the end of the ensuing term of court, under our statute and the construction thereof by this Court, *Brown v. Rhinehardt,* 112 N. C., 775, 776; *Roberts v. Allman,* 106 N. C., 391; so that the petition to remove to the United States Court was filed before the time for answering had expired under the law or any general or standing rule of the court. ·It seems to have been overlooked, in passing upon cases of removal from the State to the Federal court, that our statute authorizes the judge of the Superior Court to enlarge the time for filing pleadings, and this surely should have the force and effect of a general or standing rule of court, as in equity causes in the Federal courts. The time is extended with the same force and effect, as it seems to us, as if the extended period had originally been allowed by the statute for filing the pleading.

If we should adopt the plaintiff's view, the defendant could, by his procrastination and delay, be rendered practically helpless to remove a cause.

The petition alleged that the defendant was a corporation created and organized under the laws of the State of Virginia and a citizen and resident of the State of Virginia, and that the plaintiff was a citizen and resident of the State of North Carolina. Upon such an allegation the judge of the Superior Court had no duty to perform other than to make the order to remove the cause. *Herrick v. R. R.,* 158 N. C., 310, and cases there cited.

Plaintiff, however, took the position in the court below that, as he had alleged that the Transylvania Railroad Company, a corporation organized under the laws of North Carolina, owned the railroad where the plaintiff's intestate was killed, and had leased the same to the Southern Railway Company, the Southern Railway Company thereby "became the successor of said Transylvania Railroad Company, and was, therefore, at the time of the grievances hereinafter complained of, and at the time of the commencement of this action, and still is, a corporation under the laws of the State of North Carolina." The answer is that the mere leasing of a railroad, which is the property of a North Carolina corporation, does not make the lessee a corporation of this State. There is no statute to that effect, and, so far as we have been able to find, no decision of this Court holding any such thing. The decision of a majority of this Court in *Hurst v. R. R.,* 162 N. C., 368, and the decision of the Court in *Coal and Ice Co. v. R. R.,* 144 N. C., 732, are based on section 697 of The Code, brought forward in section 1238 of the Revisal of 1905. That statute, however, in terms applies not to a lease of the property of a domestic corporation, but to a purchase outright under an execution or

judicial sale of all the property, rights, and franchises of such a corporation. The citation of authorities on this question is not necessary, as the statute itself is plain.

The fact that the plaintiff alleged in his complaint that the Southern Railway Company was a domestic corporation, and also alleged the facts out of which he contends such corporate existence arose, makes this a different case from the *Hurst case* or the *Ice and Coal Co. case* above referred to; but even if that were not true, and if plaintiff had alleged directly, without stating the facts, that the Southern Railway Company was a domestic corporation and a citizen and resident of the State of North Carolina, when the defendant appeared, filed its petition to remove, and alleged that it was a citizen and resident of the State of Virginia, then a question arose which was determinable only by the United States court. *Herrick v. R. R.,* 158 N. C., 310, and also the several cases cited in *Hurst v. R. R.,* 162 N. C., 368.

There is no statute in North Carolina regulating leases of railroads. It cannot be said that the principle of law laid down in *Logan v. R. R.,* 116 N. C., 940, applies to this case. It was held in that case that the lessor company could not, by leasing its property and franchises, relieve itself of the obligations imposed by its charter, and in consequence that such lessor company was liable for the torts of the lessee, while carrying on the business for which the lessor was organized. That principle, however, has nothing to do with this case. The lessor company was not sued, and there was but one defendant, which was a corporation organized under the laws of Virginia, as alleged in its petition.

It cannot be said in North Carolina that a railroad company has no power to lease its property. That is not an open question, but it has been expressly decided otherwise in the cases of *S. v. R. R.,* 72 N. C., 634; *Hill v. R. R.,* 143 N. C., 539.

The charter of the lessor company, chapter 360, Public Laws of 1901, sec. 3, declares that said company "is vested with all the rights, privileges, immunities, and powers conferred upon railroad companies by chapter 49 of The Code of North Carolina." This charter was amended by chapter 211, Private Laws of 1901, but such amendment merely continues the corporate existence and rights of the original corporation.

The decisions of this Court in the *Hurst case* and in the *Ice and Coal Co. case, supra,* have no bearing on this controversy, for the reason that those cases grew out of a cause of action against the Western North Carolina Railroad, and this cause of action arose on the line of a railroad entirely separate and distinct, being the railroad extending from Hendersonville to Lake Toxaway, and referred to in the complaint as the property of the Transylvania Railroad Company.

At no stage of this case has the defendant been in fault. It has done all that it could do to save its rights. The law does not require the performance of the impossible, neither will it permit the plaintiff to take advantage of his own wrong, which was his delay to file his complaint. The extension of time was duly objected to, and the defendant can lose nothing by the adverse ruling of the court allowing it. The act of the law (and the act of the court is practically the same thing) shall be allowed to hurt no man. This is a cardinal maxim of the law, and was applied to similar facts in *Isler v. Brown,* 66 N. C., 557.

Having decided that the petition was filed in due time, the only remaining question is whether the cause is removable upon the face of the petition, the defendant having filed the proper bond. This is a short way of stating the real question in these removal cases. The question thus put by us must be decided in the Federal court, because the Federal law so requires and the highest Federal court has so decided, and it is our solemn and bounden duty to abide by its construction of the act of Congress. Why do the futile thing of ignoring the decision of that exalted tribunal in a matter that pertains, not to ours, but to its jurisdiction?

Reversed.