J. ROBERT DILLS ET AL. v. THE CHAMPION FIBER CO. ET AL.

(Filed 22 December, 1917.)

**Removal of Causes—Diversity of Citizenship — Federal Courts — Statutes—Answer—Time to Plead—Extension of Time—Waiver.**

The Federal statute regulating the removal of causes from the State to the Federal courts for diversity of citizenship requires that the motion, supported by proper petition and bond, be made before the time for answering expires as fixed by the laws of the State or by rule of the State courts "in which said suit is instituted and pending," the expression "rule of court" referring to a standing rule having the force of law; and where a general order to plead has been made by the trial judge, without exception by the movant, and he afterwards files his answer in time therein

allowed, but after the expiration of the statutory time, he will be deemed to have acquiesced in the order and to have waived his right, and jurisdiction will be retained in the State court.

CIVIL ACTION, heard on motion to remove the cause for diversity of citizenship to the Federal court, before *Webb, J.,* at May Term, 1917, of JACKSON.

The facts relevant to the question presented, and the judgment of his Honor thereon denying the motion, are as follows:

1. That the summons in the above-entitled cause was duly issued on 25 January, 1917, as appears by the endorsement thereon, and was served upon the defendant company on 26th January and on the defendant W. R. Smith on the same date.

2. That under the rules of court, the next term of the Superior Court of Jackson County convened on 19 February, 1917, and was the return term of said summons and the term in which pleadings were by law required to be filed unless time therefor was granted by the court; that the said Superior Court for Jackson County did convene on 19 February, 1917, and was in session for almost two weeks.

3. That on 27 February, 1917, the following entry was made by the clerk upon his docket, and I take it that it was made by leave of the court or at the direction of the court, to wit: "Upon calling summons docket, the usual order was made allowing plaintiffs and defendants to file pleadings in all cases where no special order has been made." Some of the members of the Jackson County bar construes this order to mean thirty days to file complaint and thirty days thereafter to answer, and others of the bar contend that it means until the next term to file pleadings.

4. That plaintiff filed his complaint in this cause on 17 April, 1917, and the defendants filed an answer thereto on 16 May, 1917; that the counsel for the defendant attended the said Superior Court, which convened in Jackson County on 19 February, 1917.

5. That when the order was made as set out in the third finding of facts, as appears of record, neither the defendant nor its counsel objected or excepted to said order; that some time after the adjournment of the said term of court the defendant's counsel requested the plaintiff's counsel to furnish the defendant with a copy of the complaint filed in the cause, which was done, and the defendant filed an answer thereto at the time above stated.

6. That the defendant filed its petition and bond in due form, asking a removal of the cause to the District Court of the United States on 15 May, 1917.

Upon the foregoing findings of fact by the court, the court is of the opinion that the defendant is not entitled to have its cause removed as

petitioned for, and the court so holds and adjudges, and defendant's motion and petition to remove is hereby denied.

It was agreed that the petition for removal contained the necessary allegations of fraudulent joinder, and that the only question for the determination of the court was as to whether or not the petition was filed in due time. If it was, then an order was to be made removing the case to the Federal Court; and if it was not, then the case was to be retained.

Defendants excepted and appealed.

*No counsel for plaintiff.*
*Martin, Rollins & Wright for defendant.*

HOKE, J. The Federal statute as to a defendant's right to remove a cause for diversity of citizenship (Fed. Judicial Code, sec. 29) requires that such motion shall be made at or before the time for answering expires as fixed by the laws of the State or by rule of the State courts "in which said suit is instituted and pending."

This term "rule of court" appearing in the statute has reference to a standing rule having the force of law (*Mecke v. Mineral Co.,* 122 N. C., 790-97; *Fox v. R. R.,* 80 Fed., 945), and the decisions in this State interpreting the statute are to the effect that where the time to file pleadings has been extended on the application of the parties, or when such time is given at some particular term by order of court, and same is not objected to, such order is taken to have been acquiesced in by defendant, and the right of removal is thereby waived. *Patterson v. Fiber Co.,* at the present term; *Ford v. Pridgeon River Lumber Co.,* 155 N. C., 352; *Bryson v. R. R.,* 141 N. C., 594; *Howard v. R. R.,* 122 N. C., 944; Moon on Removal of Causes, sec. 156.

In the case of *Hyde v. R. R.,* 167 N. C., 584, cited and chiefly relied upon by appellant, the defendant objected to the order giving time to plead, duly excepted to same, filed his petition for removal as soon after complaint was filed as opportunity was offered.

Speaking to this distinction, *Associate Justice Walker,* delivering the opinion in the *Hyde case,* said: "At no stage of the case has the defendant been in fault. It has done all that it could to save its rights. The law does not require the performance of the impossible. The extension of time was duly objected to and the defendant can lose nothing by the adverse ruling of the Court allowing it," etc.

On the present record the defendant, as stated, having acquiesced in the order extending the time to plead, has been properly held to have waived his right of removal and the judgment denying his application must be

Affirmed.