## Little Sandy Cooperage Co. v. Chesapeake & Ohio Railway Company.

*(Decided September 26, 1919.)*

### Appeal from Greenup Circuit Court.

1. Removal of Causes—Right of Removal.—When a petition for removal is filed in a state court accompanied by the proper bond and notice, if the record shows upon its face that a case is made which is removable, it is the state court's duty to order the removal.

2. Removal of Causes—Diverse Citizenship.—If the ground on which removal is sought is that of diverse citizenship, the state court must take as true the allegations of the petition for removal and not those of plaintiff's petition.

J. B. BENNET, W. T. COLE and A. D. COLE for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

This action was filed by appellant (plaintiff) seeking damages in the sum of $25,000.00, for the destruction by fire of its property caused by sparks from appellee's engines, it being alleged in the petition that both the ap-

pellant and appellee are corporations of the state of Kentucky.

Within the proper time appellee filed its petition to remove the case to the federal court on the ground of diversity of citizenship. In the petition for removal it is stated that appellee is a Virginia corporation, with its chief office at Richmond, in the latter state; that it had complied with sections 765 and 841 of the Kentucky Statutes, and had filed in the office of the secretary of state of Kentucky, its acceptance of the Constitution of this state. A bond in due form accompanied the petition.

A demurrer was interposed to this petition and thereafter, the bond having been approved, the cause was removed to the United States circuit court for the eastern district of Kentucky. To reverse the latter order this appeal has been prosecuted.

The record presents a single issue, i. e., the legislative paternity of appellee.

Under the well recognized rule in the federal courts and in the courts of final resort in most of the states, when a petition for removal is filed in a state court accompanied by the proper bond, and notice of the record, including the petition for removal, shows upon its face that a case is made which is removable, it is the state court's duty to order the removal, its jurisdiction is then at an end.

The constitutional right of defendant as a resident of a state different from that of plaintiff to remove a case to the federal court, cannot be destroyed by the mere allegation in plaintiff's petition, that defendant is a resident or citizen of the state where the suit is filed. If the ground on which removal is sought is that of diverse citizenship, the state court must take as true the allegations of the petition for removal and not those of plaintiff's petition. If it is desired to controvert such facts or any of them, the plaintiff must make an issue with respect to them in the federal court, where that issue must be tried, as the federal court has exclusive jurisdiction in such cases. C. & O. Ry. Co. v. Cockrell, 232 U. S. 151; Carter Coal Co. v. Prichard's Admr., 166 Ky. 776, 179 S. W. 1038; Lane Bros. Co. v. Rickard, 135 Ga. 650, 70 S. E. 565; Ann. Cas. 1912a, 234; Donovan v. Wells, 169 Fed. 363, 94 C. C. A. 609, 22 L. R. A. (N. S.) 1250.

Speaking on this point the Supreme Court in Texas & Pacific Ry. Co. v. Cody, 166 U. S. 606, says:

"By the acts of Congress of 1887 and 1888, the jurisdiction of the circuit court on removal by defendant (and defendants alone can remove) is limited to such suits as might have been originally brought in that court; and it is essential if the jurisdiction is invoked on the ground that the cause of action arises under the Constitution, laws or treaties of the United States that this should be asserted. If recovery directly depends upon a right claimed under the Constitution, laws or treaties, plaintiff's statement of his case must necessarily disclose the fact, and if the action is brought in the state court, defendant can remove it. If, however, plaintiff asserts no such right, and defendant puts his defense on the possession of such recovery, or its denial to plaintiff, though essential to his recovery, then defendant is remitted to his writ of error from this court to the state court to test the federal questions thus raised.

"It is obvious that in the instance of diverse citizenship a different question is presented. Plaintiff may run his own risk in respect of the cause of action on which he proceeds, but he cannot cut off defendant's constitutional right as a citizen of a different state than the plaintiff, to choose a federal forum, by omitting to aver, or mistakenly, or falsely, stating the citizenship of the parties."

In Amy v. Manning, 144 Mass. 153, 10 N. E. Rep 737, it was said that the state court may proceed, at the risk of having its final judgment reversed by the Supreme Court of the United States, to determine issues of fact arising upon a petition for removal, but in Burlington, etc., R. Co. v. Dunn, 122 U. S. 513, 7 U. S. Sup. Ct. Rep. 1262, the court, in commenting on the above decision, said, that it is error for the state court to so proceed, as the circuit court of the United States alone has jurisdiction to try the questions of fact

In Harrington v. Great Northern Ry. Co., 169 Fed. 714, the court said:

"Upon the filing of the proper petition and bond in the state court for the removal of a cause the jurisdiction of the state court ceases, and that of the circuit court at once attaches if the cause is a removable one; and the (federal) circuit court should, upon the record being filed in that court, promptly determine upon the motion of the plaintiff, and due notice thereof to the removing defendant, whether or not the cause is a removable one and is

properly removed from the state court, and, if it is not, remand it to that court, in order that unnecessary delays or other injuries to the plaintiff may be avoided because of the attempt to wrongfully remove the cause.  .  .  . But that the circuit court has the right under section 5 of the act of 1875 to determine whether or not a cause has been properly removed to it immediately upon the filing of the record in that court, either by the removing defendant or the plaintiff, and make such provisional or other orders as may be necessary to protect the rights of the parties if the cause has been properly removed, and to remand it if it has not been, is not doubted.''

To same effect see Texarkana Telep. Co. v. Bridges, 75 Ark 116, 86 S. W. 841, 5 Ann. Cas. 246; Hyder v. Southern Ry. Co., 167 N. C. 584, 83 N. E. 689.

As explained in Burlington, etc., R. Co., v. Dunn, *supra,* the theory on which this rule rests is, that the record closes so far as the question of removal is concerned when the petition for removal is filed and the necessary security furnished. It presents then to the state court a pure question of law, that is, whether admitting the facts stated in the petition for removal to be true it appears on the face of the record, which includes the petition and the pleadings, and proceedings down to that time, that the petitioner is entitled to a removal of the suit.

After all, the rule is a reasonable one, and in order to prevent unseemly conflict of jurisdiction the state court in such cases should withhold its further exercise of jurisdiction until the decision of the federal court, or of the Supreme Court, in case of review.

If the federal jurisdiction is not sustained the case will be remanded with instructions that it be sent back to the state court, as if no removal had been had. C. & O. Ry. Co. v. McCabe, 213 U. S. 207.

Under the state of the record before us, it is manifest the lower court could not have done other than it did, namely, sustain the motion to remove to the United States court.

The judgment is affirmed.