WILLIAM M. FOLLETT, Plaintiff, *v.* WATER WORKS COMPANY OF SENECA FALLS and SENECA WATER COMPANY, INC., Defendants.

Supreme Court, Ontario Special Term, October 31, 1924.

**Removal of causes — suit in equity against resident and non-resident water corporations to have reasonable rate of service fixed by court — resident corporation merged into non-resident corporation — petition by non-resident for removal of action from Supreme Court to federal court — resident not indispensable party to action — sum involved exceeds statutory amount — petition for removal granted.**

In a suit in equity against a resident waterworks corporation and a non-resident waterworks corporation, the former having been merged into the latter, to have the reasonable rate of service fixed by the court, a petition by the non-resident defendant for the removal of the action from the Supreme Court to the federal court should be granted, since it appears that the resident defendant having been divested of all its rights and title in the waterworks franchise and property, is not a necessary party, that the complaint does not state a cause of action against it, that the sum in dispute exceeds the statutory amount, and that the proceedings for removal are regular.

PETITION for removal of suit to federal court.

*George W. O'Brien,* for the plaintiff.

*H. A. Carmer* and *Neile F. Towner,* for the defendants.

THOMPSON, J.   One of the defendants is a non-resident, the other a resident.   Both are corporations, and in each once resided a water works franchise.   They have been merged under section 15 of the Stock Corporation Law of 1909 (now Stock Corporation Law of 1923, § 85); the resident into the non-resident.   In an equity action, brought to have a reasonable rate of service fixed by the court, both are sued.   Here the non-resident defendant asks an order removing the action to the federal court, and to plaintiff's objection that, the other defendant being a resident of the state, the cause may not be removed, it asserts that the resident defendant is not an indispensable party.   *Rogers* v. *Penobscot Mining Co.,* 154 Fed. Rep. 606, 610; *Cella, Adler & Tilles* v. *Brown,* 136 id. 439.
  · Not overlooking certain conclusions of law, the complaint alleges that the village of Seneca Falls granted a franchise and consent to a water company to be formed by John Lockwood and his associates; and that the defendant Water Works Company of Seneca Falls (resident) thereafter succeeded to and assumed all the obligations of said franchise, and operated thereunder until 1913, when all its property, including the franchise and all its rights thereunder, were sold in a foreclosure action, and were finally acquired by defendant Seneca Water Company (non-resident), which thereupon

effected a merger of the Water Works Company of Seneca Falls
to itself, and entered into possession of said franchise and property
and has ever since continued to have, use and exercise " all its
rights under the aforesaid franchise   *   *   *   and enjoyed the
exclusive right and privilege to carry on said business of furnishing
and selling water to said village and the inhabitants thereof."

From these facts it must be held that the defendant Water Works
Company of Seneca Falls is not a necessary party to this action.
It has long been divested of all its rights and title in the water works,
franchise and property.   And thus, having no rights, it is charged
with no duties that equity can enforce.   For the same reasons it
is not a necessary party to the fixing of the rates.   It has no fran-
chise; no plant.   It does not seek the right, nor has it authority,
duty or ability, to supply water to the village of Seneca Falls or
its inhabitants, in whose behalf plaintiff brings this action, and
hence it has no part in this controversy.

In my view the complaint does not state a cause of action against
the defendant Water Works Company of Seneca Falls, the resident
defendant; and the sole other defendant Seneca Water Company
being a non-resident, the case may be removed to the federal court,
unless there be some other reason to prevent.   *Pioneer Steamship
Co.* v. *Sanday*, 210 App. Div. 318.

It is also objected that the amount in dispute in this action does
not exceed the sum of $3,000, exclusive of interest and costs.   While
it is fundamental that the whole record may be looked to in order
to ascertain the value of the subject of the controversy, and that
the burden is upon the plaintiff to show that the amount involved
is less than the jurisdictional sum, it is to be remembered that in
such cases the state court can make no decision of disputed issues
of fact.   Such questions being raised, they can only be heard and
settled in the federal court upon a petition to remand.   Lewis
Removal of Causes, 187, 188; *Railroad Co.* v. *Koontz*, 104 U. S. 5.

But there is an abundant affirmative showing here on the part
of the petitioner that the subject of this suit is of far greater value
than the statutory figure, defendant having raised its rates about
100 per cent and plaintiff challenging such increase, claiming the
former rate to be reasonable.   Transp. Corp. Law, § 81.

If the action be decided adversely to defendant, it must lose a
portion of its established rates, or retire from business, and in due
time the amounts concededly involved would ripen into a sum far
in excess of the necessary jurisdictional amount, if this has not
already occurred.   In no event is defendant compelled to await
this result.   Such facts being established, the case must be
removed.   *Scott* v. *Donald*, 165 U. S. 107.

Where the maintenance of rates is the real subject of dispute, and the object of the bill and the value of this object must be considered, this value not being liquidated or fixed by law, the alleged value, until the contrary be conclusively shown, must govern. *Texas & P. R. Co.* v. *Kuteman,* 4 C. C. A. 503.  It must be held that in this respect also a proper case is made for removal. *Martin* v. *City Water Co.,* 197 Fed. Rep. 462.

The proceedings for removal are regular.  Sufficient notice was given the adverse party.  The petition is valid, the bond is satisfactory and they must be accepted and approved.  United States Judicial Code, §§ 24, 28, 29; *Ritchey L. Corp.* v. *Robertson-Cole D. Corp.,* 199 App. Div. 362.

Ordered accordingly.  _____