## Federal Life Insurance Co. v. Rhymer.

(Decided May 21, 1935.)

LOW & BRYANT for appellant.

N. R. PATTERSON and JAMES S. GOLDEN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

One point urged for a reversal of the judgment appealed is that the order overruling the defendant's petition to remove the case to the United States District Court for the Eastern District of Kentucky is erroneous.

The petition in equity of the appellee, James Rhymer, states that he is a citizen of Bell county, Ky., and that the defendant, Federal Life Insurance Company, is an Illinois corporation, with its principal place of business in Chicago. Likewise, the petition for removal discloses such diverse citizenship. The argument is centered upon whether the petition sought a recovery in excess of $3,000, exclusive of interest and costs, which is the sum or value that must be involved before the right of removal to the United States court on this ground materializes. Title 28 U. S. Code, sections 41 (1) and 71 (28 USCA sec. 41 [1], 71); chapter 11 Appendix of Kentucky Code of Practice.

The substance of the petition is that plaintiff is permanently and totally disabled by injuries arising out of and in the course of his employment by the Harlan-Star Coal Company; that the Workmen's Compensation Board of Kentucky had awarded him $9.75 a week, beginning February 20, 1931, for a period of 8 years, less one week, with interest on the past-due payments; that he had certified its nonpayment to the Bell circuit court according to the provisions of the law, and had recovered judgment against the coal company for the amount of the award, less three payments aggregating $58.50; that the company had been adjudicated a bankrupt; that except the $58.50, the judgment is in full force and effect and "the amount due and owing to him by virtue of the finding of the said Board was $3948.50 after crediting the payments made to him." It is stated that the plaintiff's claim had been allowed by the referee in bankruptcy as a preferred lien on the assets of the bankrupt. Concerning the defendant, Federal Life Insurance Company, it is alleged that it had theretofore entered into a contract with the coal company insuring

522

its employees against injuries, accident, and death, and that among the provisions of the contract, a group insurance policy, the defendant undertook to pay the company $3,000 for any employee who should suffer total and permanent disability; that this contract was made for the benefit of the company's employees, including the plaintiff; that because of its adjudication as a bankrupt it had become unable to enforce the contract for the plaintiff's benefit, and by reason of the facts set forth in his petition he has been subrogated to all its rights and has the right to enforce the provisions of the policy against the defendant to the same extent as the company had not its bankruptcy intervened. It is alleged that plaintiff had demanded payment of the defendant of 75 per cent. of $3,948.50, or $2,961.35, which was due and owing under the insurance contract, and payment had been refused. It is elsewhere set out that the bankrupt estate will not pay the plaintiff in excess of $600 on his claim for $3,948.59, and, if it should, it would leave the defendant owing on its contract $2,-961.35. Further pleading, the plaintiff asserted his right to recover judgment for the amount awarded him by the Workmen's Compensation Board (which would be $4,046.25 computed at the weekly rate for the time stated); however, that if he should be mistaken in that, he has the right to recover of the defendant directly on the policy and irrespective of the award the sum of $3,961.35, "whether a recovery be paid him on the fact that the Workmen's Compensation Board has made an award and the same has become binding on the defendant as aforesaid or whether the defendant issued its policy for benefit of plaintiff and insured him against the accident and injuries heretofore described and thereby became directly liable on the policy for the said sum." Judgment was prayed for $3,961.35, and interest.

The petition to remove the case to the United States District Court having been overruled, a motion to elect, demurrers, and answer with an amendment were filed. Judgment was rendered on the pleadings and against the appellant for $2,941.50, with interest.

Confusion and inconsistencies abound. Although it is stated that the maximum liability under the defendant's contract with the coal company was $3,000, and in another place that demand had been made for 75 per cent. of the plaintiff's judgment for $3,948.50, i. e., $2,961.35,

yet the plaintiff claimed the right to recover $3,961.35, and that was the sum for which he asked judgment. Whether a case is removable must be determined from the allegations of the petition if there is no charge of a fraudulent joinder of a resident citizen. Mogg v. Farley, 205 Ky. 25, 265 S. W. 449, 54 C. J. 212, 225. For the purpose of determining whether the amount involved is within the jurisdiction of the federal court, the amount sought is to be regarded as the sum in controversy and as controlling. 23 R. C. L. 630, 632; Iowa Central Ry. v. Bacon, 236 U. S. 305, 35 S. Ct. 357, 59 L. Ed. 591. The presumptions are in favor of the federal jurisdiction. Hughes' Federal Practice, sec. 2669; Pittsburgh, C. & St. L. R. Co. v. Ramsey, 22 Wall. 322, 22 L. Ed. 823. Any dispute of fact as to the amount is to be heard and settled only in the federal court on a petition to remand. Follett v. Water Works Co. of Seneca Falls, 123 Misc. 823, 206 N. Y. S. 468. Many cases cited in note 255 to 28 USCA sec. 41, and notes 174 and 175 to section 71, indicate that the sum demanded by the plaintiff in good faith is the test, although some courts have not so regarded it and have held that the validity of the demand as disclosed by the substantial averments of the petition control and not the prayer for relief. In Schunk v. Moline, Milburn & Stoddard Co., 147 U. S. 500, 13 S. Ct. 416, 417, 37 L. Ed. 255, where the pleading was confusing as to the amount involved, it was observed that the plaintiff insisted it had the right to recover all of the notes described in his petition whether due or not due, and that, although there might be a perfect defense for at least those not matured, the effect of a good defense would not affect the question as to what was the amount in dispute, and whether the claim asserted was sustainable or not the sum claimed would be the real sum in dispute. Continuing, the court said:

"In short, the fact of a valid defense to a cause of action, although apparent on the face of the petition, does not diminish the amount that is claimed, nor determine what is the matter in dispute; for who can say in advance that that defense will be presented by the defendant, or, if presented, sustained by the court?"

Hughes' Federal Practice, secs. 2344, 2345, states the law to be:

"The amount in controversy is determined by the pleading and the state of the record at the time the petition and bond for removal are filed or by the complaint. * * * The amount of damages laid by plaintiff is prima facie the amount in dispute. In actions at law where the plaintiff's demand is for money, the amount in controversy is determined by that particular demand which the plaintiff sues for and not by any contingent loss which either party may sustain through the indirect or probative effect of the judgment however certain it may be that such loss will occur."

And Cowell. v. City Water Supply Co., 121 F. 53, 57 C. C. A. 393, holds that it is the sum which the plaintiff seeks to recover or the value of that which the defendant will lose, if the plaintiff obtains the recovery he seeks. Where alternative relief is prayed, it appears that the test of jurisdiction is the larger amount involved. 54 C. J. 226.

Concerning the conclusive effect of the allegations of a petition against a citizen of another state in relation to the procedure, it is said in section 2551 of Hughes' Federal Practice:

"The presentation to the state court of the petition and bond for removal is effective to deprive that court of the jurisdiction eo instanti if the petition on its face shows facts essential to entitle the defendant to a removal, the filing of an answer in the state court after the presentation of the petition to remove is ineffective to raise an issue as to the facts relied on for removal. In that stage of the proceedings no other pleading or issues are permissible in the state court."

See, also, Mogg v. Farley, supra; Upton v. McLaughlin, 105 U. S. 640, 26 L. Ed. 1197; 23 R. C. L. 631.

Although the allegations of the petition at bar are confusing and inconsistent, a claim for an amount in excess of the jurisdictional sum of $3,000 was presented, so upon the filing of the petition for removal and bond (their sufficiency not being questioned) it became the duty of the Bell circuit court to accept the same and to proceed no further in the case. Chesapeake & O. R. Co. v. Banks' Adm'r, 144 Ky. 137, 137 S. W. 1066, affirmed Chesapeake & O. R. Co. v. Cockrell, 232 U. S.

146, 34 S. Ct. 278, 58 L. Ed. 544. The case was ipso facto removed to the federal court by the act of Congress. Hughes' Federal Practice, sec. 2553. Indeed, as pointed out in section 2558 of that authority, no order of the state court is really necessary when the procedural statute has been complied with, although it is usual and the better practice, as a matter of courtesy and comity, for the court to enter such an order upon determining that the petition and bond are sufficient that it may show acquiescence in the transfer of the case.

It follows, therefore, that the Bell circuit court was without authority to proceed further. Illinois Cent. R. Co. v. Sheegog's Adm'r, 126 Ky. 252, 103 S. W. 323, affirmed 215 U. S. 308, 30 S. Ct. 101, 54 L. Ed. 208; Little Sandy Cooperage Co. v. Chesapeake & O. R. Co., 185 Ky. 161, 214 S. W. 912; Kingston v. American Car & Foundry Co. (C. C. A.) 55 F. (2d) 132.

The judgment is reversed for consistent proceedings.