This is an action to recover $60,000 damage for injury to the hosiery plant of the plaintiff alleged to have been caused by the negligence of the defendant.
It is alleged in the complaint that the plaintiff is a North Carolina corporation with its principal place of business in Sevier, McDowell County, North Carolina, and "That the defendant, Carolina, Clinchfield and Ohio Railway, is a railroad corporation, and the successor to the South and Western Railroad Company (of North Carolina), which said South and Western Railroad Company was duly chartered by the Legislature *Page 476 
of North Carolina, and under and by virtue of the terms of its said charter the defendant, Carolina, Clinchfield and Ohio Railway, by reason of its purchase and succession to the properties, rights and franchise of said South and Western Railroad Company, became and was and is a domestic corporation, and as such domestic corporation owns and operates a common carrier railroad through McDowell County, operating, as this plaintiff is advised and believes, from South Carolina through North Carolina to some point in Tennessee or Kentucky."
In apt time the defendant filed petition to have the cause removed to the United States District Court of the Western District of North Carolina upon the ground that the defendant "is a corporation created, organized and existing under the laws of the State of Virginia, and was, at the time of the commencement of this suit, and still is, a nonresident of the State of North Carolina, and was then, and still is, a corporation duly formed, created and organized under and by virtue of the laws of the State of Virginia, and was then, and still, is a citizen and resident of said State of Virginia; that said defendant was incorporated in the State of Virginia in the year 1905, and in the year 1908, purchased the properties of South and Western Railroad Company, a North Carolina corporation, Defendant avers that by reason of such purchase it did not become a corporation of the State of North Carolina so as to divest the Federal courts of jurisdiction, or to deprive this defendant of the right to remove this case to the Federal Court on the ground of diverse citizenship." The defendant filed the bond required by the statute.
The plaintiff filed an answer to the petition for removal, in which it alleges that due to the fact that the defendant railway company purchased the properties of the South and Western Railroad Company, a North Carolina corporation, the defendant was deprived of its right to remove to the Federal Court by virtue of the provisions of section 8, chapter 12, Private Laws 1907, which reads in part: "Provided, however, that any corporation which is not a corporation of this State, so purchasing, acquiring or taking a lease, shall, by virtue of such purchase or lease, become a corporation of this State as to all properties and franchises so purchased or leased, and shall be subject to the laws and to the jurisdiction of the courts of North Carolina as fully as if incorporated under the laws of this State as to all causes of action and legal proceedings affecting and growing out of the properties and franchises so purchased, acquired or leased, and all other properties held or acquired by virtue of the powers herein conferred, and the operation and management of such properties." The answer also alleges certain matters and things by way of estoppel to the defendant to assert that it is not a domestic corporation. *Page 477 
The order of removal was allowed by the clerk of the Superior Court of McDowell County, and an appeal was taken by the plaintiff to the judge presiding. Judge Johnston, who was holding the courts of McDowell County, having been of counsel for the plaintiff, disqualified himself to hear the motion and referred the same to Judge Rousseau, the resident judge of an adjoining district for determination. Ch. 48, Acts 1939. Judge Rousseau overruled the order of the clerk and denied the motion for removal to the Federal Court, and to such action the defendant excepted and appealed to the Supreme Court.
The first question presented by the appellant for decision is as to whether the plaintiff is entitled to file and have considered the answer to the defendant's petition for removal.
It will be noted that the answer to the petition filed by the plaintiff does not present any questions of fact for determination. The answer alleges the same facts as those set forth in the petition, both the petition and the answer aver that defendant purchased the properties of the South and Western Railroad Company and by virtue of such purchase is operating a Railroad in North Carolina. There is no controversy as to the facts involved. The defendant, petitioner, however, contends that by reason of such purchase it did not become a corporation of the State of North Carolina so as to be deprived of the right to remove the case to the Federal Court. The plaintiff, on the other hand, contends that the purchase of the properties of the South and Western Railroad Company by the defendant by virtue of the provisions of section 8, chapter 12, Private Laws 1907, the defendant became a corporation of this State as to all properties and franchises so purchased and subject to the laws and jurisdiction of the courts of North Carolina as fully as if incorporated under the laws of this State.
The only question raised by the answer is a question of law, namely, did the defendant by the purchase of the properties and franchises of the South and Western Railroad Company and by the operation of a railroad in North Carolina by virtue of such purchase become a North Carolina corporation, which question the State court had jurisdiction to determine.
In Hurst v. R. R., 162 N.C. 368, which is similar in many respects to the case at bar, it is said: "The case of Herrick v. R. R., 158 N.C. 310, is not in conflict with this view. It was there held that `all issues of fact made upon the petition for removal must be tried in the Circuit Court, but the State court is at liberty to determine for itself whether, on the face of the record, a removal has been effected,' and that the theory on which the rule as to removal rests is `that the record closes, so far as the question of removal is concerned, when the petition for removal is filed and the necessary security furnished. It presents, then, to *Page 478 
the State court a pure question of law, and that is, whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit. That question the State court has the right to decide for itself.'
"Applying this rule to the record before us, it appears that there is no dispute as to the facts, and that the real controversy is whether, upon these facts, the defendant is, as matter of law, a North Carolina corporation under our statute, by reason of its purchase of the Western North Carolina Railroad Company, and this question the State courts can decide."
It will be noted that in the case at bar the fact that the defendant purchased the properties of the South and Western Railroad Company appears in the only pleading filed, namely, the complaint, and in both the petition and the answer thereto, leaving only a pure legal question for determination, which question the State court had jurisdiction to determine, and to enter an order accordant with its determination. Hurst v.R. R., supra.
In so far as the answer to the petition avers that the defendant purchased the properties of the South and Western Railroad Company and by reason of such purchase became a North Carolina corporation subject to the jurisdiction of the North Carolina courts, we think, and so hold, the plaintiff had a right to file it and have it considered, since only admitted facts and a question of law were presented thereby, and, in so far as it avers matters and things in estoppel, it is unnecessary for us to decide whether its filing and consideration was authorized, since our view of the case sustains the action of the judge of the Superior Court upon the other grounds therein set forth.
The cases cited by the appellant are not apposite to the case at bar for the reason that it was sought in such cases to have the State court pass upon controverted questions of fact.
The second question presented by the appellant for decision is as to whether the defendant by purchasing the properties of the South and Western Railroad Company by virtue of chapter 12, Private Laws 1907, became a domestic corporation to the extent that the defendant is deprived of its right of removal to the Federal Court.
Where the language of a statute manifests a clear intention to create a new corporation, and such act of creation is accepted, a domestic corporation is created, and a suit cannot be removed from the State to the Federal Court upon the ground of diversity of citizenship by a corporation of another state which became the purchaser of the properties of a corporation in this State created under such statute. Coal Ice Co. v. R.R., 144 N.C. 732. *Page 479 
Defendant, appellant, relies upon Allison v. Railway, 190 U.S. 326
(47 L.Ed., 1078), wherein the Supreme Court of the United States reversed the opinion of this Court in 129 N.C. 336. The opinion of this Court in Coal Ice Co. v. R. R., supra, was delivered subsequent to the opinion of the Supreme Court of the United States in Allison v. Railway, supra, and refers to and distinguishes the Allison case, supra, in the following language: "It is insisted, however, that recent decisions of the Supreme Court hold that a foreign corporation may become domestic for some purposes, but retain its citizenship in its domicile of original creation for the purpose of jurisdiction; that notwithstanding the fact that the Southern Railway Company is created for the purpose of owning the Western North Carolina Railroad Company, a domestic corporation, the Virginia corporation may remove a cause brought against it into the Federal Court. It would seem that the language used by Judge Gray in Martin v. Railroad, supra
(151 U.S. 673, 38 L.Ed., 311), is conclusive that where a corporation of one state is created a corporation of another state, it cannot remove its cause, whereas where such corporation is licensed to do business in another state it may do so, and this we understand to be the distinction upon which the Allison case, 190 U.S. 326, is decided. In that case the Court construed the Act of 1899, known as the `Craig Act,' to license and not create. By the provisions of that act the foreign corporation was required to file a copy of its charter in the office of the Secretary of State, whereupon it should `become a corporation of this State.' This act the Court held to license the foreign corporation to come into this State. Certainly no such attitude can be assumed by the Virginia corporation in this case."
Upon a reading of chapter 12, Private Laws 1907, it is manifest that its purpose and its effect was to create a corporation, and that any purchaser of its properties became "subject to the laws and jurisdiction of the courts of North Carolina as fully as if incorporated under the laws of this State as to all causes of action and legal proceedings affecting and growing out of the properties and franchises so purchased, acquired or leased, and all other properties held or acquired by virtue of the powers herein conferred, and the operation and management of such properties," and that the statute could in no sense be interpreted as a mere license for a foreign corporation which had bought the properties of the corporation so created to come into this State to do business by operating the railroad.
The judgment of the Superior Court is
Affirmed. *Page 480